**The PEOPLE of the State of Colorado, Complainant,**

v.

**Curtis E. HARDING, III, Attorney–Respondent.**

**No. 96SA358.**

Supreme Court of Colorado, En Banc.

April 28, 1997.

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Curtis E. Harding, III, Aurora, pro se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved a hearing board's findings of fact in this lawyer discipline case, but the panel modified the board's recommendation of a thirty-day suspension to a six-month suspension. The respondent excepted to the panel's action. For the reasons below, we agree with the hearing board's recommendation and order that the respondent be suspended for thirty days.

## I

The respondent was licensed to practice law in Colorado in 1983. Two complaints were consolidated for a single hearing, Nos. GC 94A–96 and GC 95A–8. Based on the evidence presented, the hearing board found the following to be established by clear and convincing evidence.

### A. No. GC 94A–96

In October 1992, Ronald W. Lovett, Sr., went to the respondent's office with his friend and housemate, Michelle Bolack (now Michelle McGowan). They hired the respondent to obtain a reduction in the amount of child support Lovett had been ordered to pay. Lovett was then paying $1,003 per month in child support for his four children. Eighty-nine percent of Lovett's paycheck was being garnished for child support. The respondent agreed to examine the matter and see if a reduction in child support could be obtained. Lovett and Bolack gave the respondent $500 as an advance fee, paid by Bolack's mother.

Contrary to his clients' expectations, however, the respondent never entered an appearance on behalf of Lovett in any of the child support cases, nor did he file any motions to reduce child support or to set a hearing. When Bolack went to the respondent's office on November 20, 1992, regarding a legal matter he was working on for her, he falsely told her that he had filed documents asking to have Lovett's child support reduced.

Lovett and Bolack accidentally ran into the respondent at the courthouse in January 1993. He informed them that he was working on obtaining court dates for the reduction of Lovett's child support. This statement was not true. The respondent failed to communicate with his clients through the summer of 1993.

The respondent's child support calculations were complicated. They reflected that even if Lovett prevailed at a hearing, his child support would have been reduced between $14 and $50 per month. The hearing board found that the respondent's computations were adequately prepared and accurate. The question with which the board had difficulty was when respondent communicated that information to Lovett. Specifically, the board found that there was no credible evidence establishing that the respondent prepared the calculations before the request for investigation in this matter was filed in November 1993. However, the assistant disciplinary counsel now concedes that this factual finding is not correct because Lovett testified that the respondent told him in November 1992 that a motion for modification would result in a change of only $14 per month, the same result reached in the respondent's written calculations.

The respondent did fail to adequately communicate to his clients that he did not believe pursuing a child support modification was worthwhile in light of the numbers. Instead he misled them into believing that he would be performing further work on the case. He therefore violated DR 7-101(A)(2) (intentionally failing to carry out a contract of employment entered into with a client). After the effective date of the Rules of Professional Conduct, January 1, 1993, he violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); and Colo. RPC 1.4(b) (failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation).[1]

## B. No. GC 95A–8

In the fall of 1992, Steven E. Parker hired the respondent to resolve any outstanding child support judgments against him. Parker paid the respondent $500. Parker was a resident of Washington D.C. He had been notified that his I.R.S. refund check had been garnished because of a large unsatisfied child support obligation. Parker had been ordered to pay $100 per month in child support, but had made none of the payments.

In December 1992, the respondent filed an entry of appearance in Denver juvenile court. The court records indicated that the mother of Parker's child had received public assistance, so the garnishment had been made on behalf of the Denver Department of Social Services, but the respondent did not send a copy of his appearance to the department's lawyer, a city attorney.

In fact, despite his assurances to Parker that he was working on the case, the respondent took no action other than examining the court file.

In February 1994, the city attorney obtained a judgment against Parker in the amount of about $33,000 reflecting the arrearage in child support payments plus interest. Parker learned of this judgment when contempt proceedings were initiated against him in Maryland, pursuant to the Uniform Reciprocal Child Support Enforcement Act. When Parker could not reach the respondent, he retained another lawyer who settled the $33,000 judgment for $19,000. This lawyer charged Parker a $1,000 fee. The re-

---

1. Because the respondent's child support calculations were adequate, the board concurred with the complainant's motion to dismiss the charge that the respondent violated DR 6-101(A)(2) (handling a legal matter entrusted to the lawyer without adequate preparation under the circumstances). In addition, the board found that the complainant did not prove by clear and convincing evidence that the respondent's conduct in the Lovett matter violated either DR 9-102(B)(3) (failing to maintain complete records of client property in the possession of the lawyer and to render appropriate accounts to the client regarding the property), or Colo. RPC 1.15(b) (failing to render an accounting of client funds paid to the lawyer).

Nevertheless, the board recommended that the respondent be required to return $350 to Bolack of the $500 paid, since it found that $150 was a reasonable fee for the work the respondent performed on her behalf.

spondent acknowledged at the hearing that he was negligent both in communicating with his client and in investigating the case. Nonetheless, he has not refunded any portion of his fee to Parker.

The respondent's conduct violated DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed); and Colo. RPC 1.4(b) (failing to explain a matter to the extent reasonably necessary).

## II

The hearing board recommended that the respondent be suspended for thirty days, in addition to the imposition of conditions involving restitution and monitoring. The hearing panel modified the length of the recommended suspension to six months. The respondent has excepted to the factual findings and conclusions of the hearing board in the Lovett matter.

In particular, the respondent asserts that the following finding is clearly erroneous: "While these [child support] calculations are accurate, there is no credible evidence before the board as to when respondent prepared these calculations. There is no credible evidence establishing that he prepared them before the grievance was filed in November of 1993." The respondent contends, and the complainant concedes, that this is incorrect. Specifically, the record shows that Lovett testified that the respondent told him in November 1992 that the reduction in child support that could be achieved would be only $14, the same amount that the respondent's calculations indicate. We therefore agree that the record does contain credible evidence that the respondent performed the child support calculations at least a year before the filing of the request for investigation in this case.

However, the hearing board's conclusions that the respondent failed to adequately communicate with his clients and to accurately convey that he would not be doing anything further on their behalf, support violations of DR 7–101(A)(2) (intentionally failing to carry out a contract of employment); Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed); and Colo. RPC 1.4(b) (failing to explain a matter to the extent reasonably necessary). In addition, the respondent has not excepted to the board's findings in the Parker matter.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

In aggravation, the respondent has a history of discipline consisting of three letters of admonition for misconduct similar to that in this case. *See id.* at 9.22(a) (previous discipline is an aggravating factor). Moreover, there is a pattern of misconduct in this case taken together with the previous misconduct. *See id.* at 9.22(c). The hearing board found that the respondent's forthrightness and expression of remorse about his neglect in the Parker matter was a mitigating factor. *See id.* at 9.32(e), (*l* ).

This case involves the respondent's neglect of two client matters, and consistent with our precedent, we have determined a short period of suspension together with the recommended additional conditions is adequate to protect the public. *See, e.g., People v. Fried,* 898 P.2d 1066, 1068 (Colo.1995) (lawyer suspended for thirty days for neglect of two client matters where lawyer had received two prior admonitions). At least one member of the court would have imposed a six month suspension.

## III

It is hereby ordered that Curtis E. Harding, III, be suspended from the practice of law for thirty days, effective thirty days after this opinion is issued. The respondent is ordered to submit to the monitoring of his practice for a period of one year by an attorney acceptable to the Office of Disciplinary Counsel. The practice monitor will be compensated by the respondent, and will re-

port quarterly to the Office of Disciplinary Counsel on the respondent's practice management and compliance with ethical rules, in conformance with the standard practice monitor plan. One factor the Office of Disciplinary Counsel will consider in approving the appointment is the monitor's demonstrated competence in and understanding of legal ethics.

In addition, prior to reinstatement, and as a condition of reinstatement, the respondent must make the following restitution:

(1) $350 to Michelle Bolack McGowan, plus statutory interest from November 30, 1992 until paid; and

(2) $500 to Steven E. Parker, plus statutory interest from December 17, 1992, until paid.

The respondent is also ordered to pay the costs of this proceeding in the amount of $1,166.82 within ninety days of the date on this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.