**The PEOPLE of the State of Colorado, Complainant,**

v.

**Curtis E. HARDING, III, Attorney–Respondent.**

**No. 98SA260.**

Supreme Court of Colorado, En Banc.

Oct. 19, 1998.

---

154

Linda Donnelly, Disciplinary Counsel, James S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Curtis E. Harding, III, Pro Se, Aurora.

PER CURIAM.

This lawyer discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct between the respondent, Curtis E. Harding, III, and the assistant disciplinary counsel. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee approved the conditional admission and its recommendation that Harding be suspended for one year and one day with conditions. We accept the conditional admission and the panel's recommendation.

### I.

Curtis E. Harding, III, was admitted to practice law in this state in 1983. The conditional admission states that Judith Glasier retained E. Jacob Thigpen, Jr. in July 1992 to represent her in a dissolution of marriage proceeding. She agreed to pay Thigpen $100 per hour for his legal services. Thigpen hired Harding in September 1992 to assist him on the case, agreeing to pay him $50 an hour. Harding was to bill Thigpen, not the client. Thigpen agreed to pay Harding even though he knew that Glasier would not pay the majority of the attorney fees until she received a distribution from the marital property.

During the rest of 1992 and into the early spring of 1993, Harding sent bills to Thigpen and received payments. On or about March 30, Harding met with Glasier with Thigpen's concurrence. Harding entered his appearance as co-counsel in the case on March 31, 1993. Harding did not bill anyone for his work on the case after March 31 until September 1993, even though Thigpen and he met numerous times to discuss the case. On September 28, 1993, Thigpen learned that Harding had been taking a more active role in the case than he had realized and had billed Glasier directly.

Harding claims that Glasier had agreed to pay him directly after March 31, and asked him not to tell Thigpen. Harding admits that he failed to adequately disclose his relationship with Glasier to Thigpen. Thigpen paid Harding a total of $2,175 for his work on the case despite not having been paid by Glasier.

Thigpen filed an action against Harding in November 1993 alleging breach of contract, intentional interference with contractual relations, tortious interference with the attorney-client relationship, and outrageous conduct. Although declining to issue an injunction, on February 28, 1994, the trial judge issued an order requiring Harding to place all attorney fees received from Glasier into a trust account and to provide a full accounting of the funds at the civil trial.

In August 1994, Glasier paid Harding $23,453.59 after receiving a property settlement in the dissolution proceeding. Harding placed this amount into his trust account. Harding did not have an operating account and he used his trust account for all bills and receipts associated with his law practice, among other things. He deposited funds from sources other than his legal practice into the account and paid the law practice expenses from the account. During August, Harding wrote checks on his trust account totaling $19,198.96. These checks were for cash, rent, and other things unrelated to the Glasier case. The balance of the account on

August 31, 1994 was $7,311.75. Harding therefore spent most of the money he had received from Glasier in August in violation of the February 28 court order.

The attorney fee issue between Thigpen and Glasier was resolved in late 1994 with Glasier paying Thigpen about $6,000 and Harding paying him $4,025.

The trial judge in the civil case issued a citation to Harding to show cause why he should not be held in contempt for violating the court's February 28 order. At the contempt hearing in March 1995, trial judge found that Harding had "willfully violated the order of the court," and that he should be held in criminal contempt. On April 11, 1995, the court issued an order imposing a fine of $1,000.00, which Harding paid. The trial court's subsequent judgment in favor of Harding on all counts was affirmed in part and reversed in part by the court of appeals. See *Thigpen v. Harding*, No. 95CA0846, slip op. at 1 (Colo.App. Dec. 19, 1996) (not selected for official publication). The case was remanded for further findings on Thigpen's breach of contract claim and was still pending in the trial court as of the time that the conditional admission was executed. *See id.* at 11.

▮ Harding has admitted that he engaged in conduct prejudicial to the administration of justice by willfully violating the February 28 court order, and he engaged in misrepresentation by concealing his relationship with Glasier from Thigpen. He also failed to hold in trust and segregate disputed third party funds. He thereby violated Colo. RPC 1.15(a) (failing to hold property of clients or third persons separate from the lawyer's own property); 1.15(c) (failing to hold disputed property separate until the dispute is resolved); 3.4(c) (knowingly disobeying a court order); 8.4(c) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); 8.4(d) (engage in conduct that is prejudicial to the administration of justice); and 8.4(h) (engage in any other conduct that adversely reflects on the lawyer's fitness to practice law).

## II.

▮ In the conditional admission, Harding consented to a suspension for a year and a day. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22; *People v. Hanks,* No. 97SA353, slip op. at 4, 6–7, 967 P.2d 144, 145, 146 (Colo. Jan. 26, 1998) (by failing to comply with court-ordered child support obligations, attorney knowingly disobeyed a court order and engaged in conduct prejudicial to administration of justice, warranting suspension for a year and a day). We agree that a long period of suspension with the automatic requirement of reinstatement proceedings is appropriate given Harding's previous discipline. *See* ABA *Standards* 9.22(a) (prior discipline is an aggravating factor for determining the proper level of discipline). He received two letters of admonition on the same day on April 18, 1991, an additional letter of admonition in June 1995, and a cautionary letter in August 1996. We suspended him for thirty days with monitoring conditions in 1997 for failing to adequately communicate with his clients. *See People v. Harding,* 937 P.2d 393, 395 (Colo.1997).

In mitigation, Harding has made full and free disclosure during this proceeding, *see* ABA *Standards* 9.32(e); he paid the fine after being held in contempt, *see id.* at 9.32(k); and he has expressed remorse for his misconduct, *see id.* at 9.32(*l* ).

Taking all of the above into consideration, we conclude that a suspension for a year and a day is appropriate. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

## III.

It is hereby ordered that Curtis E. Harding, III be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. It is further ordered that Harding pay the costs

of this proceeding in the amount of $48.00 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.