The PEOPLE of the State of Colorado, Complainant,

v.

Donald B. HUNTZINGER, Attorney–Respondent.

No. 98SA265.

Supreme Court of Colorado, En Banc.

Nov. 2, 1998.

Rehearing Denied Dec. 1, 1998.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, Colorado, Attorneys for Complainant.

Donald B. Huntzinger, Pro Se, Grand Junction, Colorado.

PER CURIAM.

The hearing board in this lawyer discipline case recommended that the respondent, Donald B. Huntzinger, be suspended for six months and that as a condition of reinstatement he pay $460 in court-ordered attorney fees. A hearing panel of the grievance committee approved the board's findings, but modified the recommendation to a three-month suspension, and made the payment of the $460 contingent on whether the fees had been discharged in bankruptcy or not. We order that Huntzinger be suspended for three months and we make the payment of the court-ordered attorney fees a specific condition for reinstatement whether or not that debt was discharged in the bankruptcy proceedings.

I.

Donald B. Huntzinger was admitted to practice law in Colorado in 1985. He filed an amended answer admitting the allegations in the complaint, and a summary judgment was entered against him. The hearing was limited to the issue of the appropriate disciplinary sanction. The board made the following findings by clear and convincing evidence.

Linda Fogg hired Huntzinger in 1987 to represent her in a civil action to recover $17,000 she had paid the defendants for real property for which they did not have marketable title. He filed a civil action on her behalf, but after numerous delays, he withdrew, and she retained another lawyer, Ralph Cantafio, to represent her. Cantafio filed a legal malpractice action against Huntzinger in 1993 in Mesa County District Court, alleging that Huntzinger failed to prosecute the case. Huntzinger filed a motion for summary judgment asserting that Fogg's failure to pay his attorney fees constituted a breach of contract releasing him from performing additional legal services for her. The motion was denied on February 15, 1995. On March 31, 1995, the district court found that Huntzinger's summary judgment motion was frivolous and ordered him to pay $460 in attorney fees to Cantafio's law firm by April 30, 1995. Huntzinger has not paid the court's sanction.

Huntzinger was scheduled to be deposed by Cantafio on May 11, 1995. On May 9, Huntzinger's lawyer in the malpractice case advised Cantafio that he intended to withdraw from the case and asked that the deposition be rescheduled. Cantafio agreed to reschedule the deposition only if Huntzinger or his lawyer called him the next day by 3:00 p.m. to arrange another date. When he did not hear anything by the deadline, Cantafio and Fogg traveled to Grand Junction to depose Huntzinger. Because Huntzinger's lawyer did not hear from his client either, he also appeared at the deposition on May 11. Huntzinger did not appear, but called Cantafio and told him he would not be attending the deposition and that he intended to file for bankruptcy.

On August 14, 1995, Cantafio filed a motion for Huntzinger to be held in contempt for failing to pay the court-ordered $460, and a motion for a default judgment against Huntzinger as a sanction for failing to attend his own deposition. The district court issued an order for Huntzinger to show cause why he should not be held in contempt. On September 1, 1995, the court granted the plaintiff's motion for a default judgment against Huntzinger in the amount of $36,510.88 representing damages, costs, and prejudgment interest. Huntzinger was also required to pay the reasonable attorney fees incurred by reason of his failure to attend his deposition. On September 15, 1995, Huntzinger filed for Chapter 7 bankruptcy, and on December 29, 1995 the default judgment entered against him was discharged.

The hearing board found that Huntzinger failed to comply with the court's original order to pay $460 in attorney fees to Cantafio, an amount which was due before he filed

for bankruptcy. As he has admitted, Huntzinger violated Colo. RPC 3.4(c) (knowingly disobey a court order). By not appearing at his own deposition, he engaged in conduct that was prejudicial to the administration of justice, contrary to Colo. RPC 8.4(d).

## II.

The hearing board recommended that Huntzinger be suspended for six months and that as a condition of reinstatement he pay the $460 assessed by the district court as attorney fees for his frivolous summary judgment motion. The complainant objected to the board's failure to impose as a further condition of reinstatement that Huntzinger be required to pay the $36,510.88 default judgment against him that was discharged in bankruptcy.

The hearing panel declined to impose that additional condition, and it modified the term of the suspension to three months "given that the nature of the misconduct was not unduly serious." The panel also modified the condition for reinstatement so that Huntzinger is "required to pay the court-ordered attorney's fee of $460, plus statutory interest from April 30, 1995, to Ralph Cantafio, Esq., *only if that debt was not discharged by the respondent's bankruptcy proceedings.*" (Emphasis added.) Neither of the parties has excepted to the panel's recommendations. Specifically, the complainant has elected not to except to the panel's modifications of the recommendation.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), "[s]uspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." ABA *Standards* 6.22; *People v. Harding,* No. 98SA260, slip op. at 5–6, 1998 WL 727281, 967 P.2d 153, 155 (Colo. Oct. 19, 1998) (violating a court order to keep certain attorney fees in a trust account warranted a year and a day suspension given prior discipline); *People v. Hanks,* No. 97SA353, slip op. at 4, 6–7, 1998 WL 44995, 967 P.2d 144, 145, 146 (Colo. Jan. 26, 1998) (by failing to comply with court-ordered child support obligations, attorney knowingly disobeyed a court order and engaged in conduct prejudicial to administration of justice, warranting suspension for a year and a day).

On July 19, 1994, after the malpractice action was brought against him but before the default judgment was entered, Huntzinger received a letter of admonition for his neglect of the Fogg case. The misconduct in this case occurred after he received the letter of admonition. Prior discipline is an aggravating factor for purposes of determining the proper level of discipline. *See* ABA *Standards* 9.22(a). The hearing board also found that Hunzinger has substantial experience in the practice of law, *see id.* at 9.22(i), and has been indifferent to making restitution, *see id.* at 9.22(j). The board found no factors in mitigation.

We agree that for the misconduct in this case, violation of the court order to pay attorney fees and Huntzinger's failure to attend his own deposition, a suspension of three months is adequate. However, we determine that Huntzinger should pay the $460 in attorney fees plus interest, whether or not that award was discharged in the bankruptcy case. The fees were assessed against Huntzinger for filing a frivolous motion, and he violated the court order by refusing to pay the money before he filed for bankruptcy and received a discharge. Requiring Huntzinger to comply with the court's order will vindicate the dignity of that court. Payment of this amount is connected with Huntzinger's rehabilitation prior to reinstatement. The Bankruptcy Act does not prevent us from requiring compliance with court orders and imposing appropriate rehabilitative conditions for the reinstatement of an attorney. The relevant portion of the Bankruptcy Act is 11 U.S.C. § 525(a) (1994), which provides that:

(a) . . . [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license . . . [to] a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act . . . *solely because* such bankrupt or debtor is or has been a debtor under this title . . .

or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

(Emphasis added.) In *People v. Sullivan*, 802 P.2d 1091, 1096 (Colo.1990), an attorney discipline case like this one, we stated:

We also conclude that an order of restitution is warranted even though the probate court judgment was a claim in the bankruptcy proceedings. *See Hippard v. State Bar of California*, 49 Cal.3d 1084, 1092–94, 782 P.2d 1140, 1145, 264 Cal.Rptr. 684, 689–90 (1989) (requirement of restitution as a condition for reinstatement of attorney was appropriate despite discharge of the underlying debt in bankruptcy, and did not violate federal bankruptcy law). Although the order to pay restitution here is for the benefit of private parties, rather than a state client security fund as in *Hippard*, the primary reason we are imposing the restitution requirement is for the respondent to demonstrate his rehabilitation prior to reinstatement.

*Compare In re Levine*, 174 Ariz. 146, 847 P.2d 1093, 1123 n. 21 (Ariz.1993) (indicating that attorney's possible discharge in bankruptcy did not prevent the court from imposing a post-discharge disciplinary sanction of restitution as a term of probation; restitution is part of the rehabilitative process rather than a reinstatement of discharged judgment against a debtor) *and Brookman v. State Bar of California*, 46 Cal.3d 1004, 251 Cal.Rptr. 495, 760 P.2d 1023, 1025–27 (Cal.1988) (holding that section 525(a) of the Bankruptcy Act did not preclude state supreme court from imposing restitution order in attorney discipline case after the attorney was discharged in bankruptcy; restitution in such a case serves the role of rehabilitation, not merely compensation) *with Bradley v. Barnes (In re Bradley)*, 989 F.2d 802, 804 (5th Cir.1993) ("Section 525 does not prohibit a state from denying or revoking a license based upon a determination that the public safety would be jeopardized by granting or allowing continued possession of a license, but it does prohibit a state from exacting a discharged debt as the price of receiving or retaining a license.") *and Kwasnik v. State Bar of California*, 50 Cal.3d 1061, 269 Cal.Rptr. 749, 791 P.2d 319, 325–26 (Cal.1990) (distinguishing

*Brookman* and *Hippard*, court holds that state bar applicant would not be denied certification for admission based only on his failure to pay wrongful death judgment against him which was discharged in bankruptcy, where judgment was not related to applicant's practice of law and was not a debt owed as a result of professional misconduct). *But see In re Borowski*, 216 B.R. 922, 924–25 (Bankr.E.D.Mich.1998) (attorney discipline board would likely violate section 525(a) if it ordered attorney to repay a discharged debt as a condition of continuing to practice law); *In re Discipline of Schwenke*, 849 P.2d 573, 577 (Utah 1993) (holding that section 525(a) prohibits court from conditioning lawyer's reinstatement on his paying obligation discharged in bankruptcy); *Keene v. Board of Accountancy*, 77 Wash.App. 849, 894 P.2d 582, 588–89 (Wash.App.) (Bankruptcy Code prohibits a state from conditioning CPA's reinstatement on paying of debt discharged in bankruptcy), *review denied*, 127 Wash.2d 1020, 904 P.2d 300 (Wash.1995).

Since our purpose in requiring payment of the court-ordered $460 is not intended as payment of a debt or restitution as such, it does not matter whether that amount was discharged in the bankruptcy or not. Accordingly, we accept the hearing panel's recommendation, but order the payment of the $460 attorney fee award as a specific condition of reinstatement.

### III.

It is hereby ordered that Donald B. Huntzinger be suspended from the practice of law for three months, effective thirty days after the issuance of this opinion. It is further ordered that Huntzinger pay $460, plus statutory interest from April 30, 1995, to Ralph Cantafio, Esq. Huntzinger must also pay the costs of this proceeding in the amount of $414.18 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 300 South, Denver, Colorado 80202–5435.

Justice KOURLIS does not participate.