### The PEOPLE of the State of Colorado, Complainant,

### v.

### M. Ashley ALBRIGHT, Respondent.

### No. 03PDJ069.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Oct. 29, 2003.

The Presiding Disciplinary Judge, WILLIAM R. LUCERO, and Hearing Board Members MARY DEGANHART and ANDREW A. SALIMAN, both members of the bar, issue the following opinion. MARY DEGANHART participated via telephone.

## REPORT, DECISION AND IMPOSITION OF SANCTION

### *SANCTION IMPOSED:* ATTORNEY DISBARRED

### I. *BACKGROUND*

The People filed a Complaint in this matter on September 23, 2003. The Citation and Complaint were sent via certified mail to M. Ashley Albright, Respondent ("Albright" or "Respondent") at her last known business and home addresses. The People filed a Proof of Service of Citation and Complaint on October 9, 2003. The Proof of Service shows that the Citation and the Complaint were sent both to Albright's registered business and home addresses. The envelopes sent to Albright were returned on September 30, 2003 as "attempted, not known" and "unknown left no address". Albright did not file an answer to the complaint or otherwise participate in these proceedings.

On November 20, 2003, the People filed a motion for default. Albright did not respond. On December 19, 2003, the Presiding Disciplinary Judge ("PDJ") entered an order of default on the complaint. All factual allegations set forth in the Complaint were deemed admitted and all rule violations set forth in the Complaint were deemed proven pursuant to C.R.C.P. 251.15(b) and are therefore established by clear and convincing evidence. *E.g. People v. Richards,* 748 P.2d 341 (Colo.1987). The complaint is attached as Exhibit A.

A Sanctions Hearing pursuant to C.R.C.P. 251.15(b) was held on March 22, 2004 before the Hearing Board. Gregory G. Sapakoff, Office of Attorney Regulation Counsel, represented the People of the State of Colorado ("People" or "Complainant"). Albright did not appear either in person or by counsel.

In approximately December 1998, Denise Klimas and Duane K. McDermond ("Klimas and McDermond") entered into a standard real estate contract to purchase Albright's house. The contract included an inspection contingency. The contract further provided for a process by which the parties could attempt to resolve issues raised as a result of the inspection. If problems identified through the inspection were not resolved by agreement of both parties within a specified period of time, the contract would lapse and would no longer be enforceable.

Klimas and McDermond had the property inspected and notified Albright of unsatisfactory conditions in a timely matter. Although Albright made proposals to attempt to rectify the unsatisfactory conditions, the parties could not reach an agreement to resolve the issues identified in the inspection and, therefore, the closing did not take place. The unsatisfactory conditions as identified through the inspection were not resolved within the period of time provided in the contract and the contract lapsed by its own terms.

In executing the contract, Klimas and McDermond paid an earnest money deposit of $4,000.00, which was held in escrow by the listing broker. Pursuant to the express terms of the contract, Klimas and McDermond were entitled to a refund of their earnest money deposit if the closing did not take place because of an uncorrected problem identified during the inspection.

Klimas and McDermond demanded that Albright refund their earnest money deposit

after the closing did not take place. Albright refused to refund the earnest money deposit, contending that Klimas and McDermond had breached their contract to purchase Albright's property.

## II. *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

The Hearing Board considered the People's argument, the facts established by the entry of default, and the exhibits admitted, and made the following findings of fact and conclusions of law.

Albright has taken and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on January 10, 1985, and is registered upon the official records of the Supreme Court, registration number 14467. Albright is subject to the jurisdiction of this Court pursuant to C.R.C.P. 251.1(b).

The facts established by the entry of default prove the following misconduct:

### *Colo. RPC 3.1*

### Bringing or Defending a Proceeding and Asserting Issues Therein that were Frivolous

■ Klimas and McDermond filed suit against Albright in small claims court in Denver County, seeking recovery of their earnest money deposit. Albright later caused the case to be removed to county court, at which time Klimas and McDermond retained James Black, Esq., to represent them in the matter. In responding to the allegations in the civil action, Albright asserted counterclaims against Klimas and McDermond, as well as a third-party claim against Vicki Manton ("Manton"), who was Klimas' and McDermond's broker.

The civil action went to trial to the court beginning on April 22, 1999. At the conclusion of the trial, the court ruled in favor of Klimas and McDermond on their claim against Albright and against Albright on all of her counterclaims. In addition, the court awarded to Klimas and McDermond their reasonable attorney fees incurred in pursuing the action, pursuant to a provision in the real estate contract. The court also found in favor of Manton on Albright's third-party claim against Manton. The court further found that Albright's claim against Manton was substantially groundless and frivolous and, therefore, awarded attorney fees in favor of Manton and against Albright, pursuant to the provisions of C.R.S. § 13–17–102. Following further proceedings in the county court, Albright was ordered to pay Manton the sum of approximately $8,300.00.

Albright appealed the trial court's orders to the Denver District Court. On September 28, 1999, the District Court issued an opinion, order and judgment affirming the judgment of the county court. The Court stated: "This appeal is also frivolous; however, sufficient attorney fees have already been awarded against the appellant."

After receiving the district court's ruling, Albright filed a petition for writ of certiorari in the Colorado Supreme Court. The Supreme Court accepted the case for review and, following briefing by the parties, issued an opinion in November 2000, affirming the judgment of the district court upholding the county court's judgment. Pursuant to a motion filed by Klimas and McDermond, the Supreme Court also remanded the case to the trial court to determine if Klimas and McDermond were entitled to additional attorney fees on appeal pursuant to the real estate contract. On remand, additional fees were awarded to Klimas and McDermond as further damages under the contract.

The contractual attorney fees awarded to Klimas and McDermond at the conclusion of the initial trial court proceedings were satisfied from proceeds of a bond Albright was required to post at the time of her appeal to the district court. No money has since been paid toward satisfaction of the judgment for additional fees incurred on appeal.

Albright's defense of the claims asserted by Klimas and McDermond was not supported by any law or facts and, therefore, was frivolous. Albright did not articulate a good faith argument for an extension, modification or reversal of existing law with respect to that claim. Albright also asserted claims against Klimas and McDermond, and against

Manton, which were supported neither by law nor fact.

Albright's attempts to appeal the rulings entered against her in the trial court were also frivolous and did not include good faith arguments for an extension, modification, or reversal of existing law. Albright's actions in pursuing frivolous claims, defenses, and appeals caused significant harm to Klimas and McDermond and to Manton, including substantial attorney fees incurred in defending the frivolous claims and issues Albright asserted.

The Hearing Board finds the forgoing conduct violates Colo. RPC 3.1.

### Colo. RPC 3.4(c)

### Knowingly Failing to Comply with Obligations Under the Rules of a Tribunal

█ At least a portion of the attorney fees assessed against Albright were assessed by Denver County Court as a sanction, pursuant to C.R.S. § 13–17–102, for asserting a groundless and frivolous claim. Albright has known of the court's order of judgment requiring her to pay the reasonable attorney fees incurred by Manton since 1999. Albright also has known since November 2000, that all of her appellate rights with respect to that order have been exhausted. Notwithstanding this knowledge, Albright has knowingly failed to comply with her obligations by failing to pay the ordered sanctions.

The Hearing Board finds the forgoing conduct violates Colo. RPC 3.4(c).

### Colo. RPC 3.3(a)(1)

### Knowingly Making False Statements of Fact to a Tribunal

### Colo. RPC 3.3(a)(4)

### Knowingly Offering Evidence a Lawyer Knows to be False

### Colo. RPC 8.4(c)

### Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation

█ On or about February 9, 2001, Albright filed a Chapter 13 bankruptcy petition with the United States District Court for the District of Colorado as well as a statement of financial affairs and various schedules. On or about July 19, 2001, Albright converted her Chapter 13 case to a case under Chapter 7 of the bankruptcy code. Accordingly, she sought a discharge of all of her debts, including the debts flowing from the orders entered by the Denver County Court as described above. In both the Chapter 13 and 7 bankruptcy petitions, she filed substantially the same statements of financial affairs and schedules.

On October 25, 2001, Klimas and McDermond and Manton filed adversary proceedings in the U.S. Bankruptcy Court challenging Albright's attempt to discharge attorney fees they were awarded. The trial in the adversary proceedings was conducted before the Honorable Bruce Campbell on August 19 and 20, 2002, November 18, 19, and 26, 2002, and on March 14, 2003. The evidence introduced during these proceedings established numerous omissions and misrepresentations in the documents that Albright filed with the court. Based upon the evidence, Judge Campbell entered an order denying the discharge of Albright's debts to Klimas and McDermond, and to Manton.

In her statement of financial affairs filed in the bankruptcy court, Albright represented that she did not have a safe deposit box. In fact, she did. This was a knowing misrepresentation or a knowing misrepresentation by omission.

Albright also filed a statement of financial affairs with the bankruptcy court that called for disclosure of financial institutions to which Albright issued financial statements within two years prior to the bankruptcy. In completing and submitting this form, Albright failed to disclose she had given a financial statement to Norwest Bank in April of 1999 that listed significant assets and liabilities that were not disclosed in the bankruptcy proceedings. She knew that she had given a financial statement to Norwest Bank in April 1999. Her failure to disclose the financial statement in her statement of financial affairs was a knowing misrepresentation or a knowing misrepresentation by omission.

With respect to her income on the statement of financial affairs, Albright failed to disclose all the income she received during the two years preceding the bankruptcy. Albright was aware that she had received monthly rent payments from a tenant who leased a basement apartment in her home throughout the two-year period before filing bankruptcy, yet she did not disclose this information. Albright's failure to list the income received from such rent payments was a knowing misrepresentation or a knowing misrepresentation by omission in connection with the bankruptcy proceedings.

The statement of financial affairs submitted in connection with her bankruptcy also required Albright to disclose any businesses in which she owned five percent or more during the two years immediately preceding the bankruptcy case. Albright listed none, when she actually owned 100% of a limited liability company (LLC). The LLC held title to property that cost more than $60,000.00 originally and was worth at least that amount during the course of the bankruptcy proceedings.

For many years immediately preceding the filing of the bankruptcy, Albright also maintained a bank account in the name of the LLC into which she deposited approximately $700.00 per month through direct deposits from her paycheck. After servicing mortgage debt on the LLC's undeveloped but subdivided realty, the LLC made distributions over the two years immediately preceding the bankruptcy of approximately $150.00 per month to Albright. Albright neither disclosed the bank account nor the payments therefrom in any schedule she submitted in her statement of financial affairs filed with the bankruptcy court.

Albright knew of her ownership interest in the LLC and of the nature of property owned by the LLC at the time she completed and submitted her statement of financial affairs. Through her failure to disclose her ownership interest in the LLC and the distributions she received therefrom, Albright made a knowing misrepresentation or a knowing misrepresentation by omission in connection with the bankruptcy proceedings.

The Hearing Board finds the forgoing conduct violates Colo. RPC 3.3(a)(1), 3.3(a)(4), and 8.4(c).

### *Colo. RPC 8.4(a)*

### Attempted Violation of the Rules of Professional Conduct

 Prior to the trial in the adversary proceedings in the bankruptcy court, Albright became aware that the tenant who leased Albright's basement apartment would be called to testify at the time of trial. Prior to the date the tenant was to testify, Albright contacted the tenant and tried to persuade him not to mention $350.00 of accrued but unpaid rent because Albright had not listed the rent on her bankruptcy schedules.

Albright knew that such evidence, if presented, would be false and would constitute an act of dishonesty or deceit. Through her conduct, Albright attempted to submit false evidence to a tribunal and to perpetrate a fraud upon the bankruptcy court. At the trial, in spite of Albright's efforts to the contrary, the tenant testified honestly and disclosed Albright's attempt to persuade him to testify falsely.

The Hearing Board finds the forgoing conduct violates Colo. RPC 8.4(a).

### III. *SANCTIONS BASED UPON FINDINGS OF FACT AND CONCLUSIONS OF LAW*

 The following *ABA Standards* apply. Pursuant to *ABA Standards* § 6.21, "[d]isbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious interference with a legal proceeding."

*ABA Standards* § 6.11 also provide that "[d]isbarment is generally appropriate when a lawyer, with intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding."

Finally, under *ABA Standards* § 6.22, "Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding."

The Hearing Board considered the following factors in determining the issue of sanctions:

**DUTY:** In the instant case, Albright violated duties owed as an officer of the court and legal duties to act with honesty and integrity. The findings establish that Albright acted knowingly in violating these duties as shown by the following facts:

- Pursuing frivolous claims and defenses;
- Failing to comply with a court order; and,
- Engaging in dishonest conduct in the bankruptcy proceedings.

**MENTAL STATE:** There is no evidence to suggest a mental or physical disability that would, perhaps, explain Albright's conduct. In violating a succession of court orders starting with the Denver County Court and terminating with the Colorado Supreme Court, Albright was aware of her conduct and acted with the conscious object to avoid paying sanctions she was ordered to pay. The Hearing Board specifically finds that she acted with intent and knowledge of the consequences of her actions.

The Hearing Panel specifically finds that Albright knowingly engaged in an escalating course of conduct starting before April 1999 and continuing until at least March of 2003 that demonstrated her abuse of the legal system and the public. Her conscious objective during this course of conduct was to avoid paying the earnest money due to Klimas and McDermond and the sanctions the court had ordered. She was aware that the defense and claims she brought against Klimas, McDermond, and Manton were groundless and frivolous. Nevertheless, she continued to pursue them. While there may be some question as to whether Albright's behavior was appropriate immediately after Klimas and McDermond demanded that she return their earnest money, such was not the case by the time Klimas and McDermond brought suit against her. By that time, Albright's conduct demonstrated a firm resolve to pay neither judgment nor sanctions. Ultimately, she intentionally misled the Bankruptcy Court, hid material information that should have been included in her filings, and attempted to suborn perjury in an apparent attempt to avoid paying a lawful debt.

**HARM:** Albright caused significant harm

- To Klimas, McDermond, and Manton by forcing them to defend her frivolous claims and defenses and generating substantial attorneys fees as a result;
- To Klimas, McDermond, and Manton by fraudulently and dishonestly thwarting their legitimate attempts to collect their judgments; and
- To the legal system by unnecessarily multiplying and expanding the course of proceedings within the state court system and in the Federal Bankruptcy Court.

**MITIGATION:** Albright has not appeared to present evidence of any factors in mitigation. Thus, the Hearing Board must rely solely on the matters in the record the People have presented. The only factor in mitigation applicable here is the absence of a prior disciplinary record. *ABA Standards* § 9.32(a).

**AGGRAVATION:** In aggravation, Albright's conduct demonstrates:

- She acted with a dishonest or selfish motive. *ABA Standards* § 9.22(b)
- She engaged in a pattern of misconduct by continuing to deny her liability while escalating the dispute to higher and higher levels of frivolous litigation. *Id.* at 9.22(c)(d) and *People v. Rudman,* 948 P.2d 1022, 1026 (Colo.1997).
- She committed multiple offenses by submitting false and misleading documents to the Bankruptcy Court and attempting to suborn perjury. *Id.* at 9.22(d).
- She has failed to cooperate or participate in good faith in these disciplinary proceedings. *Id.* at 9.22(e).
- She has substantial experience in the practice of law. *Id.* at 9.22(i).

Considering the applicable factors in mitigation and aggravation, disbarment is the appropriate sanction for Albright's misconduct pleaded and proved in Claims 3 and 4. *See In re Cardwell,* 50 P.3d 897, 901 (Colo.2002)(disbarment generally appropriate when lawyer, with the intent to deceive, makes false statement, submits false document, or improperly withholds material information from court, causing serious or potentially serious injury to party, or significant or potentially significant adverse effect on legal proceeding).

As to conduct in Claims 1 and 2, the Hearing Board determines that suspension for 1 year and a day is the appropriate sanction. *See People v. Huntzinger,* 967 P.2d 160, 162 (Colo.1998) and *People v. Hanks,* 967 P.2d 144, 145, 146 (Colo.1998). Based upon the Hearing Board's determination that disbarment is the appropriate sanction, the sanction for Claims 1 and 2 are subsumed in Claims 3 and 4.

### IV. *ORDER*

It is therefore ORDERED:

· M. Ashley Albright, attorney registration 14467, is DISBARRED from the practice of law in the State of Colorado effective thirty—one days from the date of this Order and her name shall be stricken from the roll of attorneys licensed to practice law in the state.

Albright is Ordered to comply with all orders and to satisfy all judgments entered against her in the Denver County Court, in the litigation with Klimas, McDermond and Manton, as a condition to any readmission to the practice of law in this state.

· Albright is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Albright shall have ten (10) days thereafter to submit a response thereto.