[No. S005340. Sept. 26, 1988.]

RAYMOND C. BROOKMAN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Philip Martin for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Lawrence C. Yee and Andrea T. Wachter for Respondent.

## OPINION

**THE COURT.**\*—The Review Department of the State Bar of California has recommended that petitioner be suspended from law practice for five years, which term would be stayed during seven years of supervised probation. Recommended conditions of probation include ninety days' actual suspension, restitution to two former clients and to the State Bar Client Security Fund (to cover amounts paid out to a third former client), and notification of petitioner's suspension to his clients (Cal. Rules of Court, rule 955(a), (c)).

Petitioner generally consents to the discipline as "appropriate and lawful." He challenges, however, two aspects of the review department's recommendations: (i) that he make restitution of $48,900 to the client security fund to cover an amount paid by the fund to one of his former clients, and (ii) that he comply with California Rules of Court, rule 955's notification requirements. The first point turns on construction of federal bankruptcy law; we conclude that federal law permits imposition of restitution as a condition of probation, and that such an order is appropriate in this case. We also impose rule 955 compliance.

## I. FACTS AND PROCEDURE

Petitioner has been a member of the State Bar since 1960, and has no prior disciplinary record. The review department modified some of the findings of the hearing panel, and found as follows: *Count 1*—Petitioner abandoned a small insurance claim after receiving a $1,600 payment from client Johnson, and abandoned another claim after receiving $1,000 from the same client. *Count 2*—Petitioner borrowed $50,000 from client Russell. To arrange for repayment, he prepared an assignment to Russell, in trust, of funds that he expected to receive from his former law partner. In this transaction petitioner failed to: (i) advise the client to seek independent counsel on the matter, (ii) obtain the client's consent in writing to the transaction, and (iii) disclose material terms about his ability to repay the loan from the expected funds from his former partner. *Count 3*—Petitioner abandoned the defense of client Leon's traffic violation charge after receiving a $1,000 payment.[1]

---

\*Before Lucas, C. J., Mosk, J., Panelli, J., Arguelles, J., Eagleson, J., Kaufman, J., and Low (Harry W.), J.†

---

†Presiding Justice, Court of Appeal, First Appellate District, Division Five, assigned by the Chairperson of the Judicial Council.

[1] The review department found the foregoing conduct resulted in the following violations: (i) wilful violation of oath and duties as an attorney (Bus. & Prof. Code, §§ 6068, 6103); (ii) improper withdrawal from employment (Rules of Prof. Conduct, rule 2-111(A)(2)); (iii) failure to use reasonable diligence and best judgment to accomplish client's objectives (*id.*,

Petitioner repaid $1,100 of the $50,000 loan to client Russell, and returned none of the fees on the abandoned matters. Russell sued for repayment, and petitioner filed for bankruptcy. He discharged in bankruptcy his obligation to repay Russell, and thereafter Russell applied for—and was granted—restitution of $48,900 from the State Bar Client Security Fund (Bus. & Prof. Code, § 6140.5).

The hearing panel recommended petitioner be ordered to reimburse the two clients involved in counts 1 and 3, in the full amount of $3,600. The panel concluded it could not order restitution of the outstanding $48,900 ($50,000 loan less $1,100 paid) because that debt (unlike the fees in counts 1 and 3) had been discharged in bankruptcy and because, in the panel's view, federal law precludes ordering such restitution as a condition of probation after discharge in bankruptcy.

The review department increased the hearing panel's recommended periods of suspension and probation from three years each to five and seven years, respectively. It decreased the recommended actual suspension from one year to ninety days, in view of petitioner's mitigating factors (alcoholism and subsequent rehabilitation). (See *Schneider* v. *State Bar* (1987) 43 Cal.3d 784, 800-801 [239 Cal.Rptr. 111, 739 P.2d 1279] [30-day actual suspension on similar facts].) Additionally, the review department ordered that, "as a condition of probation contributing to [petitioner's] rehabilitation," he (i) make full restitution to the State Bar Client Security Fund for the amount paid by that fund to Russell to cover the unpaid balance of the $50,000 loan (i.e., $48,900), and (ii) comply with rule 955. The review department's vote was seven to five; four of the dissenting members felt the recommended discipline was insufficient, and the fifth believed the restitution order was proper but the degree of discipline was excessive. As noted, petitioner contests only the $48,900 restitution to the State Bar Client Security Fund and the California Rules of Court, rule 955 orders.[2]

## II. DISCUSSION

A. *Restitution to State Bar Client Security Fund of loan to Russell as a condition of probation*

■■■ The United States Bankruptcy Code provides in relevant part: "[A] governmental unit may not deny, revoke, *suspend,* or refuse to renew *a license* . . . of . . . a bankrupt or a debtor under the Bankruptcy Act . . .

former rule 6-101(2) [in effect prior to Oct. 23, 1983]); (iv) failure to return unearned fees (*id.*, rule 2-111(A)(3)); and (v) improper business transactions with clients (*id.*, rule 5-101)—one of which [the Russell matter] involved dishonesty and moral turpitude (Bus. & Prof. Code, § 6106).

[2] According to the State Bar, petitioner has made the recommended restitution in the counts 1 and 3 matters.

*solely because* such bankrupt or debtor is or has been a debtor under . . . the Bankruptcy Act . . . or *has not paid a debt* that . . . was discharged under the Bankruptcy Act." (11 U.S.C. § 525(a), italics added.) Petitioner asserts this section prohibits restitution ordered as a condition of probation.

We cannot agree. As we noted recently in *Kent* v. *State Bar* (1987) 43 Cal.3d 729, 736 [239 Cal.Rptr. 77, 739 P.2d 1244], the purpose of attorney discipline is *not* to penalize petitioner merely for having obtained a discharge of his debt in bankruptcy. Instead, it is to protect the public from *specified professional misconduct* (see *ante*, fn. 1), and at the same time to rehabilitate the errant attorney. Section 525(a) of the Bankruptcy Act precludes suspension of a license to practice law "solely because" an attorney has failed to pay a debt that was discharged in bankruptcy, but it does not preclude suspension for professional misconduct that happened to culminate in the attorney's bankruptcy. Nor, contrary to petitioner's position, does section 525(a) appear to preclude restitution ordered as a condition of properly imposed suspension and probation. Such restitution is not imposed "solely because" the attorney has failed to pay a debt discharged in bankruptcy; instead, it is imposed in order to protect the public and to help rehabilitate the State Bar member.[3]

Our view is supported by a recent decision in which the United States Supreme Court reached a similar conclusion in an analogous situation. In *Kelly* v. *Robinson* (1986) 479 U.S. 36 [93 L.Ed.2d 216, 107 S.Ct. 353], the issue was whether section 523(a)(7) of the Bankruptcy Act (listing certain nondischargeable debts), makes restitution ordered as a condition of probation in a criminal case a nondischargeable debt. The section provides that a "fine, penalty, or forfeiture" is nondischargeable if such is "payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."

The defendant in *Robinson* pleaded guilty to larceny for wrongful receipt of about $10,000 in welfare benefits from the state. She was sentenced to a prison term, with execution suspended and probation for five years. As a condition of probation, she was required to make restitution to the state welfare agency. After sentencing, she filed for bankruptcy, and her debts were discharged.

The high court held that section 523(a)(7) covered the restitution order, and made that order nondischargeable. The court reasoned as follows: First,

---

[3] Petitioner cites *Grimes* v. *Hoschler* (1974) 12 Cal.3d 305 [115 Cal.Rptr. 625, 525 P.2d 65], but that case is distinguishable. *Grimes* invalidated a statute that made the mere act of discharging a debt in bankruptcy a disciplinable offense for state-licensed contractors. As we note above, restitution in this case is not imposed because petitioner discharged his debt in bankruptcy, but because of his underlying professional misconduct.

restitution is a rehabilitative device analogous to a "fine" or "penalty" under the statute (*Robinson, supra,* 479 U.S. 36 at p. 49, fn. 10, & p. 52 [93 L.Ed.2d 216 at pp. 228, 230, 107 S.Ct. at pp. 360, 362]). Second, the purpose of restitution is "for the benefit of a governmental unit"—as opposed merely to compensate the victim—because restitution furthers the state's interest in punishment and rehabilitation, and is not necessarily fixed at an amount needed to compensate a particular victim (*id.* at p. 51, fn. 13, & p. 53 [93 L.Ed.2d at pp. 229, 230-231, 107 S.Ct. at pp. 361, 362-363]). And finally, restitution is not "compensation for actual pecuniary loss" within the meaning of the statute, because "the main purpose of [that clause is] to prevent [the section] from being applied to tax penalties" (*id.* at p. 51, fn. 13 [93 L.Ed.2d at p. 229, 107 S.Ct. at p. 361]). The *Robinson* court emphasized the state's paramount right to, and interest in, restitution as an integral facet of rehabilitation. It concluded that when restitution is an important aspect of a criminal sentencing rehabilitation plan, such restitution is immune from discharge in bankruptcy.

Although *Robinson* involved discharge of a restitution order arising in a criminal case, and the present matter involves restitution ordered *after* discharge in a bar disciplinary case, we believe *Robinson*'s reasoning applies here. Restitution imposed as a condition of probation serves the state interest of rehabilitating culpable attorneys (and protecting the public) by forcing the attorney to "confront, in concrete terms, the harm his actions have caused." (*Robinson, supra,* 479 U.S. at p. 49, fn. 10 [93 L.Ed.2d at p. 228, 107 S.Ct. at p. 360].) Such restitution—especially when, as here, it is made payable to the State Bar Client Security Fund—is clearly for the benefit of the public at large, not the underlying victim in this case (who, we note, has already been compensated by the State Bar Client Security Fund). Because such restitution fundamentally serves the goal of rehabilitation, it is not merely compensation to the government for "actual pecuniary loss."

We conclude that nothing in the Bankruptcy Act, or the cases interpreting that act, prevents imposition of restitution as a condition of probation in an attorney disciplinary matter—even if the underlying subject of the restitution has previously been discharged in bankruptcy, and thus cannot be collected as a debt as such. Moreover, as noted above, section 525(a) of the Bankruptcy Act does not preclude the restitution order. Hence we conclude that requiring restitution of $48,900 as a condition of petitioner's probation and right to practice law is permissible under federal bankruptcy law. Exercising our independent judgment (*Kent, supra,* 43 Cal.3d at p. 734), we also conclude such restitution as a condition of probation is appropriate for purposes of rehabilitation in this case.

## B. *Imposition of California Rules of Court, rule 955 notification requirements*

■ Petitioner asserts he has rehabilitated himself during the past four years, and that he has controlled his alcoholism (which, he claims, was the cause of his troubles). The record contains testimonials from a superior court judge, a grateful client, a business associate and petitioner's law partner, all attesting to petitioner's merit as a conscientious and ethical attorney. He asserts his rehabilitative efforts would be "severely damaged" if he were required to notify courts, clients, and opposing counsel of his 90-day suspension; and that a "short" suspension such as recommended here should serve to preserve confidence in the legal profession, without "destroying the law practice of an already-rehabilitated attorney."

Petitioner notes that we have exercised our discretion on this issue in the past. (Cf. *Inniss* v. *State Bar* (1978) 20 Cal.3d 552, 559 [143 Cal.Rptr. 408, 573 P.2d 852] [rule 955 compliance required for four-month actual suspension] and *Coppock* v. *State Bar* (1988) 44 Cal.3d 665, 687 [244 Cal.Rptr. 462, 749 P.2d 1317] [same, three-month actual suspension] with *In re Kristovich* (1976) 18 Cal.3d 468, 478 & fn. 3 [134 Cal.Rptr. 409, 556 P.2d 771] [rule 955 compliance not required for three-month actual suspension] and *Schneider, supra,* 43 Cal.3d at p. 801 [same, one-month actual suspension].) On the facts of this case, we believe that public confidence would be served by requiring compliance with California Rules of Court, rule 955, and hence we will require such compliance.

### III. DISPOSITION

Having independently reviewed the record (*Bach* v. *State Bar* (1987) 43 Cal.3d 848, 855 [239 Cal.Rptr. 302, 740 P.2d 414]), we are satisfied that the recommended discipline, together with the restitution requirement and seven years of supervised probation, is appropriate. Accordingly, we adopt the recommendation of the Review Department of the State Bar in all respects.[4]

This order is effective on finality of this opinion.

---

[4] Petitioner is ordered to comply with the requirements of California Rules of Court, rule 955, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order.