**In re Stephen J. BOROWSKI, Debtor.**

**Bankruptcy No. 93–53927–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Feb. 27, 1998.

Jay Kalish, Farmington Hills, MI, for Debtor.

Robert Greenstein, Plymouth, MI, for Sochacki & Greenstein.

## MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

The debtor, Stephen Borowski, filed this motion for contempt against Walter Sochacki and his attorney, Robert Greenstein, for violation of the permanent injunction of 11 U.S.C. § 524(a). Borowski also requests an order enjoining Sochacki and Greenstein from utilizing the attorney discipline process to collect a previously discharged debt. For the reasons set forth below, Borowski's motion is granted. The Court will reserve the determination of damages until submission of documentation.

### Statement of Facts

In 1991, Walter Sochacki retained Borowski to represent him in a personal injury lawsuit. Borowski failed to file the complaint and, in 1993, Sochacki filed a lawsuit against Borowski in Wayne County Circuit Court alleging legal malpractice. The parties accepted a mediation award of $27,500.

On December 23, 1993, Borowski filed his chapter 7 petition, and listed the $27,500 debt to Walter Sochacki. Sochacki did not object to the discharge of the debt. Borowski's discharge was granted April 11, 1994.

In February 1994, Sochacki, through his attorney, Robert Greenstein, filed a request for investigation with the Attorney Grievance Commission ("the Commission"). The basis for the request was the malpractice alleged in the Wayne County case. On May 26, 1995, the Commission filed a formal complaint against Borowski with the Attorney Discipline Board ("the Board"). Borowski answered the complaint and later submitted a Request for Entry of Stipulated Order of Discipline to the Commission for the Board's approval. The offer to stipulate provided for an order of reprimand, a period of supervised probation, and payment of costs. The Board sought the approval of Sochacki. Sochacki objected because the offer to stipulate did not provide for payment to Sochacki of the $27,500 discharged debt. The Board therefore did not approve the offer to stipulate.

On August 18, 1995, Borowski resubmitted the offer to stipulate. The Board accepted the offer and entered a stipulated order on December 20, 1995. On December 21, Sochacki sent a letter to the Board objecting to the stipulated order. Sochacki asserted that he had been out of the country when the stipulation was accepted and had not had an opportunity to object. Sochacki requested that the Board require Borowski to pay Sochacki the $27,500 judgment as a condition of Borowski's continued practice of law. The Board treated Sochacki's objection as a petition for review. On May 1, 1996, the Commission issued a brief in reply to Sochacki's petition for review. The Commission noted that Sochacki's debt had been discharged in bankruptcy. Further, the Commission stated that the discipline set forth in the stipulation was appropriate in light of the charges contained in the formal complaint, Borowski's bankruptcy proceeding, and Borowski's prior disciplinary history. (Mot. for Contempt, Ex. 5 at 3.) Nevertheless, on June 19, 1996, the Board issued an order remanding the matter to a hearing panel for reconsideration of its decision to accept the stipulation. On October 15, 1996, the panel conducted a hearing. On June 3, 1997, the panel issued its order vacating the prior order of reprimand and rejecting the stipulation. The panel further ordered that the matter be reassigned to a new hearing panel for adjudication.

On November 11, 1997, Borowski filed the present motion asserting that Sochacki and Greenstein's ongoing attempts to encourage the Board to order Borowski to repay the discharged debt violate the permanent injunction. In response, Sochacki and Greenstein contend that if the Board has the au-

thority to order repayment, they have the right to request the Board to do so.

## Discussion

### I.

The discharge of a debt "operates as an injunction against the commencement or continuation of an action, ... or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). "The purpose of the permanent injunction ... is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial 'fresh start.'" *In re Latanowich,* 207 B.R. 326, 334 (Bankr. D.Mass.1997) (citing *Green v. Welsh,* 956 F.2d 30, 33 (2d Cir.1992)). "Congress designed and intended the permanent injunction 'to give complete effect to the discharge, ... to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts, ... and ... to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it.'" *Latanowich,* 207 B.R. at 334 (citing S.Rep. No. 989, 95th Cong., 2nd Sess. 80–81 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5866).

Sochacki and Greenstein's persistent and unrelenting attempts to secure payment of the discharged debt are in clear violation of § 524(a)(2). Although they are not directly enforcing the judgment, the practical result is the same. The Court is convinced that, if permitted, Sochacki will continue to object to any disciplinary action that does not include payment of the discharged debt. This is specifically the type of action that is prohibited by the permanent injunction. As stated by the court in *In re Atkins,* 176 B.R. 998 (Bankr.D.Minn.1994):

> [A]ny civil court action that is intended to further the collection of a pre-petition debt, or whose legal or practical result will be to accomplish such collection, is enjoined. This is so regardless of how the action is styled in terms of substance, and regardless of its posture as to procedure; regardless of the nominal alignment of the initiating and the responding parties; and regardless of the specificity or vagueness of the relief requested in the pleadings or papers that commence the proceeding.

*Id.* at 1006.

Sochacki contends that he is attempting to protect others from Borowski. However, he appears to be only interested in recovering his loss. Sochacki did not initiate proceedings with the Commission until after Borowski had filed his bankruptcy petition, although he knew of his right to file a grievance. (Br. in Supp. of Objections to Mot. for Contempt at 14.) It is clear that Sochacki and Greenstein are attempting to use the attorney grievance process to coerce Borowski into repayment of the discharged debt. This violates § 524(a)(2).

### II.

Relying on *Kesler v. Dep't of Pub. Safety, Fin. Responsibility Div., State of Utah,* 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1962), Sochacki and Greenstein assert that the Board has the authority to require Borowski to pay Sochacki as a condition of Borowski's retention of his license to practice law. However, *Kesler* was overruled by *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), and the holding in *Perez* was later codified in § 525(a). Section 525(a) provides in pertinent part:

> [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license ... to ... a person that is or has been a debtor under this title ... solely because such ... debtor ... has not paid a debt that is dischargeable in the case under this title....

11 U.S.C. § 525(a).

The Board is a "governmental unit" as that term is used in the statute. *See* 11 U.S.C. § 101(27); *In re Williams,* 158 B.R. 488, 490 (Bankr.D.Idaho 1993). Further, there is no dispute that the underlying debt was discharged in Borowski's bankruptcy proceeding. Accordingly, the Board would likely be in violation of § 525(a) if it ordered Borowski to repay a discharged debt as a condition of continuing to practice law. *See Bradley v. Barnes (In re Bradley),* 989 F.2d 802, 804 (5th Cir.1993) ("Section 525 does not prohibit a state from denying or revoking a

license based upon a determination that the public safety would be jeopardized by granting or allowing continued possession of a license, but it does prohibit a state from exacting a discharged debt as the price of receiving or retaining a license."); *Keene v. Bd. of Accountancy,* 77 Wash.App. 849, 894 P.2d 582 (1995) (Board cannot require CPA to pay discharged debt as condition of reinstating license); *but cf. Brookman v. State Bar of Cal.,* 46 Cal.3d 1004, 251 Cal.Rptr. 495, 760 P.2d 1023 (1988) (ordering debtor to pay into client recovery fund does not violate § 525).

### III.

■ Borowski requests $2,500 in compensatory damages, $1,000 in court costs and attorney fees, and $10,000 in punitive damages for Sochacki and Greenstein's violation of the discharge injunction. Section 524 does not expressly authorize any relief other than injunctive relief. *In re Walker,* 180 B.R. 834, 847 (Bankr.W.D.La.1995). However, "the modern trend is for courts to award actual damages for violations of § 524 based on the inherent contempt power of the court." *In re Hardy,* 97 F.3d 1384, 1388 (11th Cir.1996); *see also Walker,* 180 B.R. at 847; *In re Arnold,* 206 B.R. 560 (Bankr.N.D.Ala.1997); *cf. In re Bowling,* 116 B.R. 659, 664–65 (Bankr.S.D.Ind.1990) (relying solely on statutory contempt powers of § 105 to award damages). Borowski has not provided any documentation to support his request for $2,500 in compensatory damages and $1,000 for court costs and attorney fees. Borowski therefore shall be permitted ten days from the date of this opinion to submit an affidavit detailing his request. Sochacki and Greenstein will have ten days in which to respond.

■ Borowski also requests $10,000 in punitive damages. There is support for the allowance of punitive damages for a violation of the permanent injunction. *See In re Owen,* 169 B.R. 261, 263 (Bankr.D.Me.1994) (malevolent intent warrants punitive damages); *Walker,* 180 B.R. at 850 (malevolent behavior and clear violation of injunction warrant award of punitive damages); *Arnold,* 206 B.R. at 568 (punitive damages warranted where creditor acted willfully and ma-

liciously in clear disregard and disrespect of the bankruptcy laws); *Latanowich,* 207 B.R. at 338 (punitive damages give creditor incentive to discontinue unlawful practice). The Court however finds that punitive damages are not warranted in this case. Sochacki and Greenstein appear to have been acting more out of ignorance than a "clear disregard and disrespect of the bankruptcy laws." *Arnold,* 206 B.R. at 568. Moreover, the Court does not find the requisite malevolent intent.

### IV.

Accordingly, the Court concludes that Sochacki and Greenstein have violated the permanent injunction. The Court will determine the amount of actual damages after submission of documentation. The Court further concludes that it is appropriate to enjoin Sochacki and Greenstein from further utilizing the attorney discipline process to collect the discharged debt.