Frederick L. RISKER, Jr., Appellant,

v.

**COMMISSION FOR LAWYER
DISCIPLINE, Appellee.**

No. 14–00–00076–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 21, 2002.

Fredrick L. Risker, Jr., Stafford, for appellants.

Linda Acevedo, Austin, for appellees.

Panel consists of Justices EDELMAN,

FROST and MURPHY.*

## OPINION

RICHARD H. EDELMAN, Justice.

In this attorney disciplinary action, Frederick L. Risker, Jr., appeals his disbarment on the grounds that: (1) the conducting of some of the trial court's proceedings outside Fort Bend County and/or after the trial court's plenary jurisdiction expired renders the judgment void; (2) proceeding with this case after Risker filed bankruptcy violated the bankruptcy court's automatic stay; (3) the award of restitution violated the bankruptcy court's discharge order; (4) the trial court erred in admitting evidence contrary to certain judicial admissions and in denying Risker's proposed jury instruction regarding those admissions; (5) the trial court erred in refusing to strike the Commission's expert witness; and (6) the trial court erred in admitting numerous exhibits over Risker's objections. We affirm.

## Background

The State Bar of Texas, through the Commission for Lawyer Discipline (the "Commission"), brought this disciplinary action against Risker in 1998, alleging violations of the Texas Disciplinary Rules of Professional Conduct (the "conduct rules") in connection with Risker's representation of Jesus Veliz and the Jesus Veliz Trust (the "trust").[1] Risker elected to have the complaint heard in a district court by a trial de novo.[2] The Commission's petition was filed in Fort Bend County, the county of Risker's residence and principal place of practice.[3] The Texas Supreme Court appointed the Honorable Stephen Ellis, Judge of the 35th District Court,[4] to preside over the case.[5]

Risker filed a petition for Chapter 7 bankruptcy in February of 1999 and a Suggestion of Bankruptcy in the trial court in July of 1999, about six weeks before trial was set to begin. Although Risker urged the court to stay the proceedings due to the bankruptcy, trial began in August of 1999.

At the conclusion of trial, the jury found that Risker knowingly charged an unconscionable legal fee to the trust. The trial court entered judgment that Risker's conduct violated conduct rules 1.04(a) (for charging an unconscionable fee) and 1.14(b) (for failing to provide a prompt

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

1. Ultimately, the Commission alleged that Risker violated the following conduct rules: 1.04(a) (a lawyer shall not enter into an arrangement for, charge, or collect an illegal or unconscionable fee); 1.14(b) (a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and upon request by the client or third person, shall promptly render a full accounting regarding such property); and 8.04(a)(3) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation). TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(a), 1.14(b), 8.04(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE

BAR R. art. X, § 9). The Commission requested a reprimand, suspension, or disbarment; restitution; and other relief, including costs and attorney's fees.

2. *See* TEX.R. DISCIPLINARY P. 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit.2 subtit. G app. A–1 (Vernon 1998).

3. *See id.*

4. The 35th Judicial District consists of Brown and Mills Counties.

5. *See* TEX.R. DISCIPLINARY P. 3.02 (requiring the supreme court to appoint an active district judge who does not reside in the same Administrative Judicial Region as the respondent).

accounting).[6] After conducting a separate evidentiary hearing on sanctions,[7] the trial court announced that Risker would be disbarred and required to pay restitution of $100,000 to the trust as a condition to be considered for reinstatement.

However, before the final judgment was signed, the bankruptcy court issued an order releasing Risker from all dischargeable debts. The trial court entered the final judgment of disbarment, and Risker filed a motion to modify it, because it conflicted with the bankruptcy court's discharge order. The trial court denied that motion.

### Out–of–County Proceedings

■ Risker's first two points of error contend that the judgment is void because the trial court conducted pre-trial and post-trial proceedings outside the geographical jurisdiction of the 240th District Court of Fort Bend County. A district court must conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided

by law.[8] If a district court sits outside its jurisdictional geographic area, those proceedings are fundamentally defective and any order based on them is void. *Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 866 (Tex.App.-Houston [14th Dist.] 1997, no writ). In this context, the term "proceeding" is very broad and thus not limited to only those occasions where evidence is received or judgment is entered.[9]

■ In this case, the parties[10] and Judge Ellis participated in four pre-trial telephone conference calls initiated from Judge Ellis's courtroom in Brown County.[11] Because these phone conferences were conducted outside Fort Bend County, any orders based on them are void. *See Mellon*, 946 S.W.2d at 866. However, we disagree with Risker's suggestion that those out-of-county proceedings automatically tainted the trial and made the judgment void. In both *Mellon* and *DeShazo*, the final judgment had to be vacated because it was itself a direct consequence of

---

6. Tex Disciplinary R. Prof'l Conduct 1.04(a), 1.14(b). At the close of evidence, the trial court granted Risker's motion for directed verdict regarding his alleged failure to file an accounting, but Risker stipulated that the accounting was untimely filed. Because the jury did not answer the question whether Risker knowingly engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation arising out of his service as a lawyer for the trust, the trial court directed a verdict for Risker on the Commission's fraud claim.

7. *See* Tex.R. Disciplinary P. 3.10.

8. Tex. Const. art. V, § 7; *see* Tex R. Disciplinary P. 3.03 (requiring all proceedings incident to the trial *de novo* of a disciplinary action to take place in the county of the respondent's principal place of practice). For suits filed on or after September 1, 1999, a judge with jurisdiction over a suit pending in one county may conduct any judicial proceedings except the trial on the merits in a different county,

provided no party objects. Tex. Gov't Code Ann. § 74.094(e) (Vernon Supp.2002).

9. *Mellon*, 946 S.W.2d at 868, 870 (concluding that a summary judgment hearing held outside the county seat of the county in which the suit was pending rendered the resulting summary judgment order void); *DeShazo v. Hall*, 963 S.W.2d 958, 960 (Tex.App.-Houston [14th Dist.] 1998, no writ) (concluding that a post-trial hearing on cross-motions for judgment conducted outside the county in which the case was pending was fundamentally defective, making the trial court's final judgment void).

10. Risker appeared *pro se* throughout the proceedings.

11. Each telephone conference call was transcribed and later filed with the Fort Bend County District Clerk. The record indicates that Judge Ellis was in Brown County during each call.

the void proceeding.[12] By contrast, in this case, Fort Bend County was where trial was held, the hearing on post-trial motions for judgment occurred, and the final judgment was signed. Because there is no indication that the trial court's judgment in this case was "based on" any extra-territorial proceedings, we conclude that the judgment is not void due to the out-of-county pre-trial proceedings.

■ We thus consider whether Risker has demonstrated that a reversal is otherwise dictated by the voiding of any of the orders that resulted from the phone conferences. These orders included: (1) granting the Commission's request for leave to late-file responses to Risker's requests for production and denying Risker's motion for discovery sanctions; and (2) granting the Commission's motion for continuance. As to the latter, Risker argues that postponing the trial based on a void continuance order violated: (1) his right to a speedy trial under the Texas Constitution, and (2) the 180–day deadline for commencing trial under the Texas Rules of Disciplinary Procedure (the "procedure rules").[13] However, because the speedy trial requirement of the Texas Constitution [14] applies only to criminal prosecutions in the ordinary sense,[15] and because attorney disciplinary proceedings in Texas are civil (not criminal),[16] Risker had no constitutional right to a speedy trial that could have been violated by the continuance.

■ Regarding the 180–day rule, the record reflects that trial began on August 24, 1999, more than 180 days after the disciplinary petition was filed on September 18, 1998. In addition, because the trial court's order continuing the trial date until August 24 was void, the postponement violated the rule. However, disciplinary procedure rule 15.07 specifically identifies the procedure rules that establish mandatory time periods, and procedure rule 3.07 is not among them. *See* Tex.R. Disciplinary P. 15.07. All other time periods are directory only, and the failure to comply with them does not result in the invalidation of an act or event by reason of the noncompliance with those time limits. *Id.* Therefore, the failure to comply with the 180–day deadline does not mandate reversal of the judgment, particularly in the absence of an objection in the trial court by Risker to its failure to comply with procedure rule 3.07.

Risker also contends that the trial court prevented him from exercising his right to seek mandamus relief under procedure rule 3.07 by failing to file the continuance order with the Fort Bend County District Clerk's office until after trial began. Risker claims that this made it impossible for him to document the trial court's violation of procedure rule 3.07 in order to seek mandamus relief to protect his right to be tried within 180 days. However, Risker cites nothing in the record to show that he requested the trial court to file the order any sooner or that he could not have obtained a copy of the unfiled order or proved its existence for mandamus purposes by affidavit or otherwise.

---

12. *See DeShazo,* 963 S.W.2d at 960 (hearing on cross-motions for judgment); *Mellon,* 946 S.W.2d at 866 (summary judgment hearing).

13. *See* Tex.R. Disciplinary P. 3.07 (requiring trial of a disciplinary action to commence within 180 days after the petition is filed).

14. *See* Tex Const. art. I, § 10 ("In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.").

15. *See Ex parte Winfree,* 153 Tex. 12, 263 S.W.2d 154, 156 (1953).

16. *Comm'n for Lawyer Discipline v. Benton,* 980 S.W.2d 425, 438 (Tex.1998).

Risker asserts that the trial court's void orders allowing the Commission to file untimely responses to discovery requests and denying Risker's motion for sanctions are also a ground for reversal. However, because Risker's brief contains no authorities or reasoning to support this contention or show the effect of those orders on the trial, it affords no basis for relief. *See* Tex.R.App. P. 38.1(h).

In summary, although the trial court conducted pre-trial telephone conferences outside Fort Bend County in violation of article V, section 7 of the Texas Constitution, invalidating the trial court's orders based on those proceedings, Risker has not shown that any of the void orders provides a basis for this court to reverse the trial court's judgment. Accordingly, Risker's first point of error is overruled.

### Post–Trial Orders

Risker's second point of error seeks reversal of the judgment due to a lack of jurisdiction by the trial court with respect to certain post-judgment orders. Final judgment was entered in this case on October 21, 1999. Risker filed a motion to modify the judgment on November 9 and an affidavit of indigence on November 22. On January 3, 2000, the trial court signed an order denying Risker's motion. Risker filed a notice of appeal on January 6. On January 14, the court reporter filed a contest to Risker's affidavit of indigence and requested a hearing. The trial court signed an order on January 19, extending the time for conducting a hearing and setting a hearing for January 27. Following a hearing in Fort Bend County, the court denied Risker's challenge to its plenary jurisdiction and signed an agreed order sustaining the contest to Risker's indigency.

Risker contends that the January 3 and January 19 orders are void for being signed outside Fort Bend County. However, the record does not reflect where either of these orders was signed. Moreover, even if the court's January 3 order denying Risker's motion to modify the judgment is void, the motion would nonetheless have been overruled by operation of law. Tex.R. Civ. P. 329b(c). Similarly, the court's January 19 order pertained only to the time of hearing the court reporter's contest to Risker's affidavit of indigence and does not bear on the validity of the trial court's judgment on the merits.

Risker also claims that the trial court exceeded its plenary jurisdiction in entering the agreed order on January 27, upholding the court reporter's contest to Risker's affidavit of indigence. However, Risker's motion to modify the judgment extended the trial court's plenary jurisdiction until 30 days after it was denied on January 3.[17] Moreover, the trial court's authority to conduct the indigency hearing arises not from its plenary jurisdiction under Texas Rule of Civil Procedure 329b, but from Texas Rule of Appellate Procedure Rule 20.1(i), which Risker does not contend the trial court violated. Because Risker's second point of error thus fails to demonstrate that any of the trial court's post-judgment orders require a reversal of the trial court's judgment, and seeks no

---

17. *See* Tex.R. Civ. P. 329b(g) (a motion to modify a judgment, if filed, shall be filed and determined within the time prescribed by this rule for a motion for new trial and shall extend the trial court's plenary power in the same manner as a motion for new trial); *id.* 329b(e) (if a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled or by operation of law, whichever occurs first).

other relief with regard to those orders, it is overruled.

### The Bankruptcy Stay

■ As noted above, Risker filed a bankruptcy petition on February 11, 1999, and a suggestion of bankruptcy with the Fort Bend County District Clerk five months later, on July 14. Risker's third and fourth points of error claim that all actions taken in this case after he filed the suggestion of bankruptcy violated the automatic bankruptcy stay and are, therefore, void. Section 362 of the Bankruptcy Code provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation ... of a judicial ... action or proceeding against the debtor ... to recover a claim against the debtor that arose before the commencement of the case under this title....

(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—

....

(4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such govern-

mental unit's ... police and regulatory power....

11 U.S.C. § 362 (1993 & Supp.2001). The Commission argues that this disciplinary proceeding falls under the "police and regulatory power" exception in subsection 362(b)(4), and therefore is not subject to the automatic stay. Although we have found no Texas case addressing this issue, courts in other jurisdictions have adopted the Commission's position.[18] We agree with these decisions and conclude that this disciplinary proceeding was for the purpose of enforcing the Supreme Court's regulatory power over attorneys licensed by the State.[19] Accordingly, the trial court did not err in refusing to stay the proceedings until the stay was lifted, and Risker's third and fourth points of error are overruled.

### Restitution Award

■ Risker's fifth point of error argues that the trial court erred in requiring him to pay restitution to the trust as a condition of his reinstatement after the bankruptcy court issued an order on September 23, 1999, releasing Risker from all dischargeable debts and identifying as creditors Veliz and the trust for "claims for fiduciary breach liability as trustee." The trial court's October 21, 1999 final judgment states, in part:

It is further ORDERED, AD-JUDGED, and DECREED that [Risk-

---

**18.** *See In re Wade,* 948 F.2d 1122, 1124 (9th Cir.1991) (holding that the Arizona State Bar "acts as an instrumentality of the Arizona Supreme Court enforcing its police or regulatory power, and therefore the disciplinary proceedings ... are excepted from the automatic stay under 11 U.S.C. § 362(b)(4)"); *In re Friedman & Shapiro, P.C.,* 185 B.R. 143, 145 (S.D.N.Y.1995); *In re Williams,* 158 B.R. 488, 491 (Bankr.D.Idaho 1993); *In re Hanson,* 71 B.R. 193, 194 (Bankr.E.D.Wis.1987); *Cooper v. State Bar,* 43 Cal.3d 1016, 239 Cal. Rptr. 709, 741 P.2d 206, 211 (1987) (explain-

ing that disciplinary proceedings are not actions to obtain property of the bankruptcy estate, or those that will result in giving the estate a pecuniary advantage over creditors of the debtor; but are proceedings to protect the public).

**19.** *See* TEX. GOV'T CODE ANN. § 81.072 (Vernon 1998) (authorizing the Texas Supreme Court to establish disciplinary procedures "[i]n furtherance of the supreme court's powers to supervise the conduct of attorneys").

er] shall pay restitution to the Jesus Veliz Trust or its successor in interest, Jesus Veliz in the amount of One Hundred Thousand Dollars ($100,000) as a condition of his disbarment [sic] as follows:

1. All cashier's checks shall be made payable to the Jesus Veliz Trust or its successor in interest, Jesus Veliz;

2. Payment of restitution is required before any consideration of reinstatement following disbarment....

Although we again find no Texas cases addressing this question, courts in other jurisdictions have ruled against Risker's position, and we agree with those decisions because of the fundamentally different purposes of restitution and a bankruptcy discharge.[20]

 Risker's reply brief further argues that the restitution sanction violates sec-

tion 525 of the Bankruptcy Code, which states, in part:

[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to ... a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act ... *solely because* such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act ... or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(a) (Supp.2001) (emphasis added). We do not agree that restitution was imposed in this case at all because (let alone solely because) of Risker's status as a debtor or his failure to pay a dischargeable debt.[21] Rather, it was imposed solely

---

**20.** *See In re Levine,* 174 Ariz. 146, 847 P.2d 1093, 1123 n. 21 (1993) (holding that a discharge in bankruptcy from an underlying civil judgment does not preclude the court from imposing a disciplinary sanction of restitution as a term of probation because restitution is part of the rehabilitative process of the disciplinary proceeding rather than a reinstatement of any of the discharged civil judgments against the debtor); *People v. Sullivan,* 802 P.2d 1091, 1096 (Colo.1990) (holding that ordering an attorney to pay restitution to the beneficiaries of an estate he represented was a proper sanction, even though a judgment against him based on that representation was a claim in bankruptcy proceedings, because the primary reason for requiring restitution is to allow the respondent to demonstrate his rehabilitation prior to reinstatement); *see also Kelly v. Robinson,* 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (holding that bankruptcy does not discharge a previous restitution order from a criminal case and a court may order restitution in a criminal case of debts that have been discharged in bankruptcy); *Cabla v. State,* 6 S.W.3d 543, 546–50 (Tex.Crim.App.1999) (holding that bankruptcy does not discharge a restitution order imposed as a condition of probation).

**21.** *See Brookman v. State Bar,* 46 Cal.3d 1004, 251 Cal.Rptr. 495, 760 P.2d 1023, 1026 (1988) ("[s]uch restitution is not imposed 'solely because' the attorney has failed to pay a debt discharged in bankruptcy; instead, it is imposed in order to protect the public and to help rehabilitate the State Bar member."). Risker seeks to distinguish *Brookman* on the ground that restitution payments in that case were made to a State Bar Client Security Fund, not, as here, directly to the underlying victim. However, this distinction does not alter the sanction's underlying purpose of "rehabilitating culpable attorneys (and protecting the public) by forcing the attorney to 'confront, in concrete terms, the harm his actions have caused.'" *Id.* (quoting *Kelly v. Robinson,* 479 U.S. 36, 49 n. 10, 107 S.Ct. 353, 360 n. 10, 93 L.Ed.2d 216 (1986)); *see also Sullivan,* 802 P.2d at 1096 (concluding that an order to pay restitution for the benefit of a private party, rather than a client security fund, is valid because the "primary reason" for imposing restitution "is for the respondent to demonstrate his rehabilitation prior to reinstatement").

because of misconduct Risker committed well before he became a bankruptcy debtor.

■ Risker's fifth point of error also states that the trial court erred when it "refused to delete the restitution sanction . . . after the court had granted appellant a directed verdict on the charges of dishonesty, fraud, misrepresentation and deceit." However, because no authority or argument is provided to support this contention, it affords no basis for relief. *See* Tex.R.App. P. 38.1(h). Because we thus find no merit in the contentions supporting Risker's fifth point of error, it is overruled.

## Judicial Admissions

■ Risker's sixth point of error claims that the trial court erred in: (1) admitting evidence that contradicted the Commission's responses to Risker's requests for admissions; and (2) refusing to submit a jury instruction on "judicial admissions as conclusive facts." [22] As to the first contention, however, the only such evidence that Risker identifies is a single exhibit, and Risker did not object to the admission of the exhibit on this basis at trial. *See* Tex.R.App. P. 33.1(a). In addition, because Risker's brief does not explain how this exhibit contradicts the Commission's admissions, it fails to demonstrate error in the admission of that evidence.

■ As to the second contention, Risker's requested jury instruction identified six purportedly admitted facts and instructed the jury that those facts were "established" in the case. Risker argues that this instruction was necessary because the trial court erroneously admitted evi-

dence that contradicted these admissions. Again, however, Risker has failed to point out any contradiction between any evidence and the Commission's admissions. Moreover, he cites no authority requiring a jury to be instructed on admitted facts, and makes no showing that the failure to submit such an instruction could have affected the jury's decision on the question to which the instruction would have pertained in this case. Under these circumstances, Risker's sixth point of error fails to demonstrate error and is overruled.

## Designation of Experts

■ Risker's seventh and eighth points of error argue that the trial court erred in denying his motion to strike the testimony of the Commission's expert witness due to the Commission's failure to designate the expert by the deadlines set forth in the court's original and revised scheduling orders. However, because those scheduling orders were based on the pre-trial telephone conferences conducted by Judge Ellis outside of Fort Bend County, both of those orders are void,[23] and Risker has asserted no other basis to support the untimeliness of the designations.

In addition, the failure to identify a witness in a timely manner requires exclusion of that witness's testimony unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; *or*

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

---

22. *See* Tex.R. Civ. P. 198.3 (a matter that is admitted in response to a request for admissions is conclusively established as to the party making the admission unless the court per-

mits the party to withdraw or amend the admission.)

23. *See Mellon,* 946 S.W.2d at 866.

TEX.R. CIV. P. 193.6(a) (emphasis added). In this case, the trial court stated at a transcribed pre-trial hearing (held in Fort Bend County) that it found no undue surprise or harm resulting from the Commission's manner of designating the expert, and Risker has not challenged that finding. Accordingly, Risker's seventh and eighth points of error fail to demonstrate error in permitting the expert to testify and are overruled.

## Admission of Evidence

■ Risker's ninth and tenth points of error complain that the trial court erroneously admitted thirty-three exhibits into evidence that were not properly authenticated, contained hearsay, or both. However, the majority of the exhibits identified by Risker were either not admitted into evidence or were admitted without objection. As to the remaining exhibits, Risker fails to make any showing whatever that their admission probably caused the rendition of an improper judgment. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). Accordingly, we overrule Risker's ninth and tenth points of error and affirm the trial court's judgment.