[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 404.]

CLEVELAND BAR ASSOCIATION *v*. GAY.

[Cite as *Cleveland Bar Assn. v. Gay*, 2002-Ohio-1051.]

*Attorneys at law—Petition for reinstatement granted with conditions.*

(No. 93-1738—Submitted June 20, 2001—Decided February 27, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 90-35.

_____

*Per Curiam.*

{¶ 1} In *Cleveland Bar Assn. v. Gay* (1994), 68 Ohio St.3d 190, 625 N.E.2d 593, we indefinitely suspended petitioner, James A. Gay of Cleveland, Ohio, Attorney Registration No. 0025646. We conditioned his reinstatement on his "providing clear and convincing evidence of his abstinence from substance abuse and substantial recovery from clinical depression, as well as proof of restitution." *Id.* at 191-192, 625 N.E.2d at 594.

{¶ 2} On June 28, 2000, petitioner filed a petition for reinstatement with this court. In it he alleged that he had satisfied the conditions for reinstatement to the bar. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court held a hearing on November 1, 2000, to receive evidence on reinstating petitioner.

{¶ 3} Petitioner has complied with the conditions for reinstatement. He has complied with a two-year recovery contract with the Ohio Lawyers Assistance Program and has continued to attend Alcoholics Anonymous meetings. He has remained sober since September 30, 1998. Further, petitioner has not needed psychiatric treatment for his depression since March 1999. He has complied with Continuing Legal Education and bar registration requirements as of the filing date

1

of his petition. Petitioner has held gainful employment continuously since the suspension.

{¶ 4} We had also required petitioner to prove restitution. In the opinion, we noted that petitioner had not reimbursed fees of $200 that petitioner had received from Johnnie Jones and $345 received from Paul Traylor. He has paid Traylor $345, but Jones refuses to accept an offered $200 because Jones had obtained a malpractice judgment against petitioner for $50,000 and expects petitioner to pay Jones this amount. Petitioner, who disagrees with Jones, has placed $200 in his attorney's trust fund designated for Jones.

{¶ 5} To discharge this debt, nevertheless, petitioner filed a bankruptcy petition on the morning of his reinstatement hearing. In the bankruptcy petition, petitioner listed the Jones malpractice judgment. The board ruled that petitioner must satisfy this judgment as a condition for reinstatement, whether by payment or by discharge in bankruptcy.

{¶ 6} The board concluded that, contrary to relator's argument, the board could not deny reinstating petitioner's license to practice law under Section 525(a), Title 11, U.S.Code. According to this provision:

"[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to * * * a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act * * * solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act."

{¶ 7} The board recommended that we reinstate petitioner's license to practice law so that he, under the protection of the bankruptcy laws, could receive

a new opportunity in life free of discouraging preexisting debt. The bankruptcy court has since discharged this debt.

{¶ 8} The panel recommended that petitioner be readmitted to the practice of law under these conditions:

"1. The Petitioner shall be placed on probation for a period of two years;

"2. During his probation the Petitioner shall produce evidence of professional liability insurance in the minimum amount of $100,000.00 per occurrence and $300,000.00 in the aggregate to such attorney or attorneys designated by the Relator to monitor the Petitioner;

"3. Additionally, during the period of his probation, the Petitioner shall maintain his sobriety and comply with the provisions of Rule V, Section 9(C) of the Rules for the Government of the Bar of Ohio;

"4. As provided in Rule V, Section 9(A) of the Rules for the Government of the Bar of Ohio, the Relator shall supervise the term and conditions of probation; maintain the probation file; appoint one or more monitoring attorneys, at least one of whom shall meet the requirements of division Gov.Bar R. V(9)(A)(6); receive reports from the monitoring attorney(s); and investigate reports of probation violation; and

"5. The monitoring attorney(s) shall comply with provisions of Rule V, Section 9(B) of the Rules for the Government of the Bar of Ohio."

{¶ 9} The board adopted the panel's findings of fact, conclusions of law, and recommendation. It recommended that we reinstate petitioner to the practice of law conditioned upon the terms set forth by the panel and that the bankruptcy court discharge the obligation to Jones. This discharge has occurred.

{¶ 10} We adopt the board's findings, conclusions, and recommendation and reinstate petitioner to the practice of law under the terms and conditions set forth above. Costs are taxed to petitioner.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., dissents.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 11} I respectfully dissent and would deny petitioner's reinstatement to the practice of law because he failed to complete the conditions for reinstatement.

{¶ 12} In 1994, this court indefinitely suspended petitioner from the practice of law for certain disciplinary violations. *Cleveland Bar Assn. v. Gay* (1994), 68 Ohio St.3d 190, 625 N.E.2d 593. The court conditioned his reinstatement on, *inter alia*, proof of restitution. The order did not specify an amount necessary for restitution. However, the record before this court in 1994 included evidence of Gay's outstanding indebtedness of $345 to Paul Traylor and $200 to Johnnie Jones for fees for services that he did not perform. The record also reflected a $50,000 default judgment in favor of Jones and against Gay in a legal malpractice action. This court generally requires, as a condition of reinstatement, that the attorney make restitution of all outstanding amounts that are caused by the attorney's malfeasance. This would include the default judgment as well as the retainers.

{¶ 13} The petitioner certainly understood restitution to include the default judgment because he sought to erase the judgment by way of discharge by bankruptcy on the same day as the hearing on his petition for reinstatement. When the petitioner applied to this court for reinstatement, he had repaid the $345 to Traylor and had tendered $200 to Jones, although Jones rejected the offer. He subsequently has provided this court with evidence that the $50,000 was discharged in bankruptcy.

4

{¶ **14**} The majority has determined that Section 525(a) Title 11, U.S.Code prevents us from refusing to reinstate Gay's license to practice for his failure to make restitution. I disagree.

{¶ **15**} The purpose behind attorney disciplinary proceedings is not to punish but to protect the public, the courts, and the legal profession. *In re Disbarment of Lieberman* (1955), 163 Ohio St. 35, 41-42, 56 O.O. 23, 25-26, 125 N.E.2d 328, 331-332. Restitution is frequently ordered as part of the disciplinary proceedings. It is part of the rehabilitation process and a goal of rehabilitation. See *People v. Huntzinger* (Colo.1998), 967 P.2d 160; *In re Levine* (1993), 174 Ariz. 146, 176, 847 P.2d 1093, 1123, fn. 2 (the Supreme Court of Arizona imposed a postdischarge disciplinary sanction of restitution as a term of probation because the restitution was part of the rehabilitative process of the disciplinary proceeding); *People v. Sullivan* (Colo.1990), 802 P.2d 1091; *Brookman v. State Bar of California* (1988), 46 Cal.3d 1004, 251 Cal.Rptr. 495, 760 P.2d 1023.

{¶ **16**} In *Brookman*, the California Supreme Court determined that "nothing in the Bankruptcy Act, or the cases interpreting the act, prevents imposition of restitution as a condition of probation in an attorney disciplinary matter—even if the underlying subject of the restitution has previously been discharged in bankruptcy, and thus cannot be collected as a debt as such." 46 Cal.3d at 1009, 251 Cal.Rptr. at 498, 760 P.2d at 1027. Although Brookman was required to make whole the State Bar Client Security Fund, not to pay a civil judgment, the reasoning remains the same. California required the restitution to protect the public from the attorney's specific professional misconduct and to rehabilitate the attorney. The court said that the Bankruptcy Act did not preclude restitution that is ordered as a condition of probation in his disciplinary proceeding. The requirement of restitution was not imposed "solely because" of the unpaid debt discharged in bankruptcy, but as part of the rehabilitation process.

**{¶ 17}** The Colorado Supreme Court also required restitution although the underlying debt had been discharged in bankruptcy. The court said that the primary reason for the restitution order is for the attorney to demonstrate his rehabilitation prior to reinstatement. *People v. Sullivan*, 802 P.2d 1091, 1096.

**{¶ 18}** In this case, the default judgment existed at the time this court issued the order of restitution. I believe that full restitution was intended to be part of the petitioner's rehabilitation before reinstatement to the practice of law. He has failed to make restitution. I do not believe that we are bound by this particular provision of the Bankruptcy Act under the circumstances of this case. At the time this court imposed the restitution order as a condition of reinstatement, the default judgment had not been discharged. We did not condition his reinstatement on repayment of a debt already discharged. Denial of his reinstatement is not based solely on his failure to pay a debt discharged in bankruptcy. I do not think that we should condone the petitioner's use of the Bankruptcy Act to avoid his professional obligations and responsibilities.

**{¶ 19}** Therefore, for the foregoing reasons, I respectfully dissent.

_____

*Buckley, King & Bluso* and *John A. Hallbauer*, for relator.

*Michael Drain*, for respondent.

_____