IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF TERRY L.
WIKE, BAR NO. 7211.

No. 83296

FILED

FEB 24 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF CONDITIONAL REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to reinstate suspended attorney Terry L. Wike with certain conditions.[1]

In October 2020, this court suspended Wike from the practice of law for six months and one day. *In re Discipline of Wike* (*Wike II*), No. 81340, 2020 WL 5988543 (Nev. Oct. 8, 2020) (Order of Suspension). The discipline order also required that Wike pay the disciplinary proceeding costs by November 7, 2020, and provided that upon his reinstatement, in addition to any other conditions recommended by the hearing panel, Wike would be subject to the remainder of the stayed portion of his suspension and the corresponding conditions set forth in *In re Discipline of Wike* (*Wike I*), No. 79305, 2020 WL 970354 (Nev. Feb. 27, 2020) (Order of Suspension) (suspending Wike for 24 months with all but the first 3 months stayed). *Wike II*, 2020 WL 5988543 at *4. Wike petitioned for reinstatement after completing his suspension and having complied with nearly all of the requirements in the disciplinary order.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this matter.

22-06021

Based on our de novo review, we agree with the panel's conclusions that Wike has satisfied his burden in seeking reinstatement by clear and convincing evidence. SCR 116(2) (providing that an attorney seeking reinstatement must demonstrate compliance with reinstatement criteria "by clear and convincing evidence"); *Application of Wright*, 75 Nev. 111, 112-13, 335 P.2d 609, 610 (1959) (reviewing a petition for reinstatement de novo). As to Wike's failure to comply with the suspension order's requirement that he pay the disciplinary proceedings costs, we agree with the panel that he has "present[ed] good and sufficient reason why [he] should nevertheless be reinstated." SCR 116(2); *see* SCR 116(2)(a) (requiring full compliance with the terms of all prior disciplinary orders for reinstatement). In particular, the record supports the panel's finding that Wike had financial difficulties since his suspension and was unable to pay the cost assessments during his suspension.

Wike has agreed to reinstatement on a probationary status but disputed below and continues to dispute in his briefing in this court, the requirement that he pay the costs for the disciplinary proceedings as a condition of his reinstatement. In particular, he argues that his debt to the State Bar for the cost assessment was discharged in bankruptcy. The panel disagreed with Wike's argument, concluding that SCR 120 costs owed to the State Bar are excepted from discharge in bankruptcy under 11 U.S.C. § 523 because they constitute fines, penalties, or forfeitures payable to a governmental agency, and are punitive, deterrent, and rehabilitative in nature.

Wike provided no evidence that the bankruptcy court discharged the cost assessment,[2] but the issue here is whether his reinstatement may be conditioned on the payment of those costs. We conclude that it may regardless of whether the cost assessment in the discipline order was discharged in bankruptcy. The primary purposes of attorney discipline are to promote an attorney's rehabilitation, deter misconduct, and protect the public. *E.g., State Bar of Nevada v. Claiborne*, 104 Nev. 115, 756 P.2d 464 (1988); *In re Findley*, 593 F.3d 1048, 1052-54 (9th Cir. 2010); *In re Feingold*, 730 P.3d 1268, 1275 (11th Cir. 2013); *Brookman v. State Bar of California*, 760 P.2d 1023, 1026 (Cal. 1988). As such, the recommended condition of reinstatement does not run afoul of 11 USC § 525 because its purpose is not to penalize Wike for having obtained a discharge of his debt. The California Supreme Court reasoned similarly when it rejected an attorney's argument that 11 USC § 525 prohibited requiring him to repay the client security fund for restitution the fund paid to the attorney's client after the attorney obtained a discharge of the restitution order. *Brookman*, 760 P.2d at 1025. In so doing, the court observed that "the purpose of attorney discipline is not to penalize petitioner merely for having obtained a discharge of his debt in bankruptcy. Instead, it is to protect the public from specified professional misconduct . . . and at the same time to rehabilitate the errant attorney." *Id.* at 1025-26; *see also*

---

[2]Wike's bankruptcy petition was pending when the reinstatement proceedings took place. In his briefing in this court, he claims that the bankruptcy court has since issued an order of discharge. He has not, however, provided a copy of any such order.

*Hippard v. State Bar*, 782 P.2d 1140, 1145 (Cal. 1989 (extending *Brookman*'s reasoning to petitions for reinstatement).[3]

We therefore approve the panel's recommendation to reinstate Wike to the practice of law with a 24-month probation supervised by the State Bar, subject to the conditions set forth by the panel, summarized as follows:

1. Wike will be subject to the conditions imposed in *Wike I*.

2. Wike must obtain a mentor who practices in personal injury law and has experience and training in firm accounting and client trust accounts.

3. Wike must submit quarterly reports to his mentor and the State Bar and be subject to periodic audits by the State Bar.

4. Wike must pay $21,138.15 in fees and costs for the previous disciplinary proceedings.[4]

In addition to the probation conditions, Wike must pay the costs of the reinstatement proceeding, including $2,500 under SCR 120, within 30 days of this order, if he has not done so already. With these conditions, we hereby

---

[3]We are not persuaded by Wike's argument that *Brookman* is distinguishable because it dealt with restitution instead of disciplinary costs. Other courts have concluded that the reasoning in *Kelly v. Robinson*, 479 U.S. 36 (1986), that was central to *Brookman*, extends to disciplinary costs. *E.g., Feingold*, 730 F.3d at 1275; *Richmond v. New Hampshire Supreme Ct. Comm. on Pro. Conduct*, 542 F.3d 913 (1st Cir. 2008).

[4]The record indicates that the panel contemplated that Wike would have the 24-month probationary period to pay the costs, and we agree that timeframe is reasonable under the circumstances.

reinstate Terry L. Wike to the practice of law in Nevada effective on the date of this order. *See* SCR 116(5) (allowing conditions to reinstatement).

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Hardesty                              Stiglich

_____, J.        _____, J.
Cadish                                 Silver

_____, J.        _____, J.
Pickering                             Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Law Offices of Terry L. Wike
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court