[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Peck,* Slip Opinion No. 2017-Ohio-2961.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-2961

DISCIPLINARY COUNSEL *v.* PECK.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Peck,* Slip Opinion No. 2017-Ohio-2961.]

*Attorneys—Misconduct—Failure to provide competent representation—Failure to act with reasonable diligence—Six-month suspension, fully stayed on conditions—Restitution ordered.*

(No. 2016-1490—Submitted February 8, 2017—Decided May 30, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-067.

_____

**Per Curiam.**

{¶ 1} Respondent, Gregory Lawrence Peck, of Oxford, Ohio, Attorney Registration No. 0040211, was admitted to the practice of law in Ohio in 1988.

{¶ 2} On December 10, 2015, relator, disciplinary counsel, filed a complaint with the Board of Professional Conduct, charging Peck with professional

misconduct arising from his neglect of a client's legal matter, which resulted in a default judgment and the assessment of treble damages against the client.

{¶ 3} The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and jointly recommended that Peck be suspended from the practice of law for six months, with the entire suspension stayed. After hearing Peck's testimony, a panel of the board adopted the parties' stipulations and their recommended sanction. The board adopted the panel's findings and recommendation. We adopt the board's report in its entirety and suspend Peck from the practice of law for six months, fully stayed on the condition that he engage in no further misconduct.

## Misconduct

{¶ 4} On January 21, 2009, Ashley Needham filed a complaint in the Middletown Municipal Court against We Sell Auto Sales ("We Sell") alleging breach of contract, negligence, fraud, and a violation of the Ohio Consumer Sales Practices Act. Donald Jones, the owner of We Sell, asked Peck to represent him in the case.

{¶ 5} Although Peck generally limited his practice to family law and criminal defense, he had previously handled a similar civil matter and agreed to the representation. He entered an appearance as counsel for We Sell, answered the complaint out of time, and filed a motion to dismiss.

{¶ 6} Needham, however, twice amended the complaint—first to add her grandfather, Charles Needham, as a plaintiff, and the second time to name Donald Jones, d.b.a. We Sell, as a defendant. The second amended complaint was served on Peck by e-mail and on Jones by certified mail, but Peck did not answer it. Consequently, the Needhams moved for default judgment against Donald Jones, d.b.a. We Sell. Peck failed to respond. Although Peck appeared at the hearing on the default motion, the court granted the motion, finding that he had not presented any evidence of excusable neglect or moved for leave to file an answer out of time.

The court issued a judgment in favor of the Needhams for $6,206.89 in compensatory damages, trebled to $18,620.67 under the Consumer Sales Practices Act, punitive damages of $6,206.89 on their fraud claim, attorney fees of $1,100, and interest at the rate of 4 percent per annum. Peck did not appeal the trial court's decision, and the parties stipulate that the court issued a certificate of judgment for $25,927.56.

{¶ 7} After Peck appeared at a judgment-debtor examination with Jones, the Needhams garnished $6,054.26 from Jones's financial accounts. Thereafter, Peck moved the court to stay the judgment-enforcement proceedings until a Civ.R. 60(B) hearing occurred. But neither Peck nor Jones appeared for the hearing on the motion to stay. And because there was no Civ.R. 60(B) motion for relief from judgment pending, the magistrate denied Peck's request for a stay. Peck did not file objections to the magistrate's decision.

{¶ 8} Nearly a year after the court denied the request for a stay, Peck filed a motion for relief from the default judgment under Civ.R. 60(B). The magistrate denied the motion. The court overruled Peck's objections to the magistrate's decision and affirmed the original default judgment in the Needhams' favor.

{¶ 9} Peck appealed the denial of his Civ.R. 60(B) motion but then attempted to challenge the court's initial grant of the default judgment. The court of appeals affirmed the judgment of the trial court, finding not only that Peck's appeal was untimely because the default judgment had been issued three years earlier but that Peck had also waived any error in that judgment by failing to object to the magistrate's decision granting it. *Needham v. Jones*, 12th Dist. Butler No. CA2012-07-135, 2013-Ohio-2965, ¶ 21-22.

{¶ 10} In addition to mishandling the representation, Peck failed to provide Jones with information regarding his professional-liability-insurance carrier. At the hearing, he testified that he thought he had malpractice insurance but that he had missed the deadline to renew his policy and therefore lacked coverage.

**{¶ 11}** The parties stipulated and the board agreed that Peck's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) and 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client).

**Sanction**

**{¶ 12}** When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 13}** The sole stipulated aggravating factor is that Peck caused his client significant financial harm: Jones has had a default judgment imposed against him for more than $25,000, he has had over $6,000 garnished from his bank accounts, he has had a lien issued against his real property, and he has been unable to obtain a loan. *See* Gov.Bar R. V(13)(B)(8). Stipulated mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1), (2), and (4).

**{¶ 14}** In weighing the appropriate sanction for Peck's misconduct, the board considered several cases in which we imposed sanctions ranging from a public reprimand to a six-month actual suspension for similar misconduct. It found the facts of *Lorain Cty. Bar Assn. v. Nelson*, 144 Ohio St.3d 414, 2015-Ohio-4337, 44 N.E.3d 268, and *Cleveland Metro. Bar Assn. v. Dawson*, 124 Ohio St.3d 22, 2009-Ohio-5959, 918 N.E.2d 519, to be most instructive.

**{¶ 15}** In *Nelson*, the attorney failed to consult with a client regarding the status and management of the client's personal-injury case. He filed a complaint without the client's knowledge, failed to conduct discovery on her behalf, and failed to respond to the defendant's discovery requests. Nelson ultimately dismissed the lawsuit without the client's knowledge or consent, failed to timely refile it, and

failed to advise the client that his malpractice insurance had lapsed. Thus, the client lost not only the ability to pursue her personal-injury claim but also a source of recovery for a malpractice action. Aggravating factors included Nelson's initial failure to cooperate in the disciplinary process and the harm to his client. But we found that a public reprimand was the appropriate sanction because Nelson accepted responsibility for his misconduct and did not (1) have prior discipline, (2) act with a selfish motive, (3) engage in fraud, dishonesty, or self-dealing, (4) engage in a pattern of neglect, or (5) profit from his misconduct. *Nelson* at ¶ 6-9.

**{¶ 16}** In *Dawson*, the attorney neglected an age-discrimination action filed against two of his clients. Specifically, Dawson failed to respond to the plaintiff's discovery requests and motion for partial summary judgment. Consequently, the court granted a default judgment against Dawson's clients and awarded the plaintiff more than $180,000 in damages. Dawson did not appeal that judgment, but the parties later settled the case for $27,000. Dawson failed to inform the affected clients that he did not carry professional-liability insurance, and after settling their legal-malpractice claim for $22,000, he defaulted after paying just $5,500 and ultimately discharged the obligation in bankruptcy.

**{¶ 17}** The sole aggravating factor in *Dawson* was a brief attorney-registration suspension. Mitigating factors included the absence of a dishonest or selfish motive and Dawson's cooperation throughout the disciplinary proceedings. But in light of the substantial default judgment entered against Dawson's clients as a result of his misconduct, and his failure to abide by the terms of the malpractice settlement, we suspended Dawson from the practice of law for six months, with no stay. *Dawson*, 124 Ohio St.3d 22, 2009-Ohio-5959, 918 N.E.2d 519, at ¶ 24-25.

**{¶ 18}** In this case, the board determined that Peck's misconduct was more egregious than Nelson's because the client suffered an actual monetary loss, unlike Nelson's client, who lost the ability to pursue a legal claim that may or may not have been successful. Because Peck did not have a prior suspension and had neither

violated the terms of a malpractice settlement nor discharged his financial obligation to his client in bankruptcy as Dawson had, the board found that Peck's conduct was less egregious than Dawson's.

{¶ 19} Citing the measurable harm to Jones, the board recommends that we adopt the parties' stipulated sanction of a six-month suspension from the practice of law, fully stayed.

{¶ 20} Having thoroughly reviewed the record, we adopt the board's findings of fact, misconduct, and aggravating and mitigating factors. In addition to the cases cited by the board, we note that in *Cuyahoga Cty. Bar Assn. v. Drain*, 120 Ohio St.3d 288, 2008-Ohio-6141, 898 N.E.2d 580, ¶ 2, we imposed a six-month suspension, fully stayed on conditions, on an attorney who neglected a single client matter, intentionally prejudiced the client's interests by repeatedly missing established deadlines, missed the statute of limitations for refiling the client's case, and canceled his professional-liability insurance without warning the client. Therefore, we agree that a six-month suspension, fully stayed on the condition that Peck engage in no further misconduct, is the appropriate sanction in this case. We note that the parties made no mention of restitution to Jones in their stipulations and that the board concluded that no restitution was owed. However, we find that restitution equal to the amount of the judgment entered against Jones, d.b.a. We Sell, is necessary and appropriate in this case in light of Peck's failure to answer the second amended complaint, to respond to the motion for default judgment, and to either move the court for leave to file an answer out of rule or present evidence of excusable neglect during his appearance at the default hearing.

{¶ 21} Accordingly, Gregory Lawrence Peck is suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that he make full restitution of $25,927.56, plus interest at the rate of four percent per annum from May 17, 2010, to Donald Jones, d.b.a. We Sell Auto Sales, and

commit no further misconduct. If Peck violates the conditions, the stay will be lifted and he will serve the entire suspension. Costs are taxed to Peck.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., not participating.

————————————

Scott J. Drexel, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Gregory Lawrence Peck, pro se.

————————————