**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Corley*, **Slip Opinion No. 2020-Ohio-3303.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3303

DISCIPLINARY COUNSEL *v.* CORLEY.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Corley*, Slip Opinion No. 2020-Ohio-3303.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Two-year suspension with 18 months conditionally stayed.*

(No. 2020-0221—Submitted April 8, 2020—Decided June 16, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-006.

_____

**Per Curiam.**

{¶ 1} Respondent, Byron Dexter Corley, of Mansfield, Ohio, Attorney Registration No. 0077609, was admitted to the practice of law in Ohio in 2004.

{¶ 2} In February 2019, relator, disciplinary counsel, charged Corley with neglecting a client's matter and, after the client sued him for malpractice, refusing to pay the judgment entered against him. After a hearing before a three-member

panel of the Board of Professional Conduct, the board issued a report finding that Corley engaged in the charged misconduct and recommending that we suspend him for two years, with 18 months stayed on conditions. Neither party has objected to the board's report.

{¶ 3} Based on our review of the record, we adopt the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} In June 2010, Rebecca Turner retained Corley to represent her in a personal-injury action against a hospital. She also gave him money for a filing fee. Corley never notified Turner in writing that he lacked malpractice insurance.

{¶ 5} In November 2011, Corley filed a lawsuit on Turner's behalf, but he later failed to timely respond to the hospital's written discovery requests and its motion for summary judgment, which the court granted in February 2013. According to Corley's testimony at his disciplinary hearing, during the litigation with the hospital, he had concluded that Turner's case was meritless but she had refused his advice to voluntarily dismiss the action. Turner testified, however, that Corley never discussed voluntary dismissal with her. She also claimed that she had difficulty communicating with him—he rarely returned her phone calls or responded to her requests for information about her lawsuit, he failed to send her copies of some of the hospital's discovery requests, and she learned from the court, not Corley, that her case had been dismissed. And although the court returned to Corley a portion of Turner's filing fee, Turner testified that she never received those funds. The hearing panel concluded that Turner's testimony was more credible than Corley's, and "[u]nless the record weighs heavily against a hearing panel's findings, we defer to the panel's credibility determinations, inasmuch as the panel members saw and heard the witnesses firsthand," *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶ 24.

{¶ 6} After the court dismissed her lawsuit, Turner obtained new counsel and in September 2013, filed a legal-malpractice action against Corley. Corley failed to answer, and the court entered a default judgment against him. Corley appeared for a January 2014 damages hearing and agreed to settle the matter for $25,000 and pay monthly installments of $200, plus interest, until the amount was satisfied. But Corley later failed to execute the agreement, and he stopped making payments after two months. He also failed to respond to attempts by Turner's attorney to contact him.

{¶ 7} In August 2014, Turner's attorney closed his law practice, and Turner retained new counsel, Angel Poynter. Poynter moved to enforce Turner's settlement with Corley. In August 2016, the court found Corley in breach of the settlement and entered judgment against him in the amount of $25,564, plus costs and interest at the rate of 3 percent beginning January 2014. The judgment included $1,000 in attorney fees.

{¶ 8} At Corley's disciplinary hearing, Poynter testified about the various ways in which she had attempted to collect the judgment, including filing certificates of judgment in Knox and Richland Counties, garnishing Corley's bank accounts and income from rental property, and filing a writ of execution. The board concluded that Corley did "everything possible to keep Turner from receiving her agreed compensation" and that he had paid only $7,102 through garnishment and court order and still owed $24,981.74—almost the original settlement amount—due to accrued interest and the expenses incurred by Poynter in pursuing the debt.

{¶ 9} Based on this conduct, the board found—and we agree—that Corley violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client), 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-

liability insurance and obtain a signed acknowledgment of that notice from the client), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). Corley's failure to pay the malpractice settlement and judgment warrants the Prof.Cond.R. 8.4(h) violation. *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21 (explaining that when a lawyer's conduct is not specifically prohibited by the Rules of Professional Conduct, he may be found to have violated Prof.Cond.R. 8.4(h) if he engaged in misconduct that adversely reflects on his fitness to practice law).

**Sanction**

{¶ 10} When imposing sanctions for attorney and judicial misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} As aggravating factors, the board found that Corley had exhibited a selfish motive by thwarting collection efforts, committed multiple offenses, failed to accept responsibility for his actions or express any remorse, caused harm to a vulnerable client, and failed to make restitution. *See* Gov.Bar R. V(13)(B)(2), (4), (7), (8), and (9). The board found only one mitigating factor—Corley's clean disciplinary record. *See* Gov.Bar R. V(13)(C)(1).

{¶ 12} To support its recommended sanction of a two-year suspension with 18 months stayed on conditions, including restitution to Turner, the board cited two cases involving attorneys who similarly mishandled clients' cases and then failed to satisfy legal-malpractice judgments against them.

{¶ 13} First, in *Toledo Bar Assn. v. Hales*, 120 Ohio St.3d 340, 2008-Ohio-6201, 899 N.E.2d 130, the attorney failed to competently handle a client's civil case and the client consequently obtained a $280,000 default legal-malpractice judgment against the attorney. The attorney, however, had failed to disclose the pending

malpractice claim to his insurer, which ultimately denied coverage for that reason, and the attorney filed for bankruptcy, which left his former client with an uncollectible judgment. Mitigating factors included the attorney's clean disciplinary record, acknowledgment of misconduct, and cooperation in the disciplinary proceedings. As for aggravating factors, we found that he had acted out of self-interest, harmed a vulnerable client, and failed to make restitution. We also noted that he had showed little concern for his victim's losses. We imposed a two-year suspension, with the final 18 months conditionally stayed.

{¶ 14} In the second case, *Cleveland Metro. Bar Assn. v. Dawson*, 124 Ohio St.3d 22, 2009-Ohio-5959, 918 N.E.2d 519, the attorney neglected an action filed against two of his clients, resulting in a default judgment against them, and failed to notify the clients that he lacked professional-liability insurance. In the clients' ensuing legal-malpractice action, the attorney agreed to a settlement. But after paying only a fraction of the settlement, the attorney defaulted and then filed for bankruptcy, which led to the discharge of the remainder of the obligation to his former clients. We found only one aggravating factor—the attorney's prior registration suspension. Mitigating factors included his lack of a dishonest or selfish motive. The board specifically found that the attorney had entered into the settlement with his former clients in good faith and without any intent to avoid the obligation through bankruptcy. On those facts, we concluded that the attorney's conduct warranted a less severe sanction than we imposed in *Hales*, but we nonetheless suspended him for six months with no stay.

{¶ 15} Here, Corley neglected Turner's case, failed to reasonably communicate with her, and failed to properly advise her that he lacked malpractice insurance. And for over six years, he has refused to honor his financial obligation under the settlement with Turner. Indeed, the board concluded that Corley "actively avoided his agreed responsibility to make his client whole" and that Poynter's aggressive collection efforts were the only reason additional funds were

collected from him. As we have previously noted, "[a]n attorney should pay his debts without a court order." *Disciplinary Counsel v. McCord*, 121 Ohio St.3d 497, 2009-Ohio-1517, 905 N.E.2d 1182, ¶ 13.

{¶ 16} Considering Corley's self-interested conduct in thwarting collection efforts, the facts here are more comparable to those in *Hales* than in *Dawson*. We therefore adopt the board's recommended sanction.

### Conclusion

{¶ 17} Byron Dexter Corley is hereby suspended from the practice of law in Ohio for two years, with the final 18 months stayed on the conditions that he make restitution to Rebecca Turner in the amount of $24,981.74 and commit no further misconduct. If Corley fails to comply with either condition, the stay will be lifted and he will serve the entire two-year suspension. Costs are taxed to Corley.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

Byron Corley, pro se.

_____